IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL DEON JACKSON,

    Plaintiff,

vs.                                            Civ. No.  08-1131 JP/ACT

L. KELLY #5168; S. TORRES
#5165; ALBUQUERQUE POLICE
DEPARTMENT; SGT. HOPPE;
SGT. N. SANCHEZ #2909; CITY
OF ALBUQUERQUE, NEW MEXICO;
Y. MAURX; and SGT. KENNY,

    Defendants.

### MEMORANDUM OPINION AND ORDER

On September 15, 2009, the *pro se* Plaintiff filed an untitled motion ("Motion to Amend")(Doc. No. 26) requesting that he be allowed to amend his Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (Doc. No. 1)("Complaint") to add the following defendants: Yoki Maurx, an unnamed police ride-along, and the City of Albuquerque. Defendants oppose this Motion to Amend, and seek an award of attorney's fees and costs they incurred in opposing the Motion to Amend, if the Court denies the Motion to Amend.  Having reviewed the briefs and relevant law, the Court concludes that the Motion to Amend should be denied, and that Defendants' request for an award of attorney's fees and costs should also be denied.

*A. The Motion to Amend the Complaint*

After a responsive pleading has been filed, a plaintiff may amend the complaint only by leave of the court or upon written consent of the adverse party.[1]  *See* Fed. R. Civ. P. 15(a)(2).

---

[1] That is the situation here: Defendants filed a responsive pleading, City Defendant's Motion to Dismiss No. I:  §1983 Claims Against Albuquerque Police Department (Doc. No. 24), on September 11, 2009; then, Plaintiff filed the Motion to Amend four days later.

Rule 15(a)(2) states that "leave [to amend] shall be freely given when justice so requires." *Id.* However, if a court determines there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, leave to amend may be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Futility exists if the proposed amendment is frivolous or legally insufficient on its face. *See, e.g., Morton Intern., Inc. v. A.E. Staley Mfg. Co.*, 106 F.Supp.2d 737, 745 (D.N.J. 2000).

With respect to Plaintiff's request to add Yoki Maurx and the City of Albuquerque as defendants, the Court observes that they are already named defendants. Adding Yoki Maurx and the City of Albuquerque as defendants a second time would be frivolous and it would, therefore, be futile to amend the Complaint to add those two defendants.[2] Consequently, the Court will deny Plaintiff's request to amend his Complaint to add Yoki Maurx and the City of Albuquerque as defendants.

Furthermore, Defendants argue that the Court should deny Plaintiff's request to amend his Complaint to add the unnamed ride-along as a defendant because it would be futile to make a §1983 claim against that individual. "To state a claim for relief in an action brought under §1983, [plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). When private parties are involved as defendants, the plaintiff must satisfy two conditions to state a §1983

---

[2] Defendants also argue that the Motion to Amend should be denied due to Plaintiff's bad faith as demonstrated by the numerous lawsuits Plaintiff has filed in this Court. The Court fails, however, to see how the number of lawsuits alone is relevant to a specific finding of bad faith in requesting to amend a particular pending complaint.

claim: "First, the 'deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.' Second, the private party must have 'acted together with or ... obtained significant aid from state officials' or engaged in conduct 'otherwise chargeable to the State.'" *Wyatt v. Cole*, 504 U.S. 158, 162 (1992)(quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)).

Here, Plaintiff does not contend that the ride-along deprived him of any Constitutional or federal right. Moreover, Plaintiff does not assert that the City of Albuquerque Police Department (APD) was in any way responsible for the actions of the ride-along or that the ride-along acted in concert with or was aided by an APD officer to harm Plaintiff. Finally, Plaintiff does not contend that the ride-along "engaged in conduct 'otherwise chargeable to the State.'" *See id*. Hence, Plaintiff's request to amend his Complaint to add the ride-along as a defendant in this §1983 case is legally deficient on its face and it would be futile to amend the Complaint to add the ride-along as a defendant. As with Yoki Maurx and the City of Albuquerque, the Court will deny Plaintiff's request to amend the Complaint to add the ride-along as a defendant.[3]

B. *Defendants' Request for an Award of Attorney's Fees and Costs*

Defendants seek an award of the attorney's fees and costs they incurred in opposing the Motion to Amend. Although the Court will deny the Motion to Amend, Defendants are not automatically entitled to attorney's fees and costs. Considering Plaintiff's *in forma pauperis* status and lack of legal training, the Court determines that in the interest of justice Defendants'

---

[3]The Defendants further correctly note that Plaintiff failed to comply with D.N.M. LR-Cv 15.1 which states that "[a] proposed amendment to a pleading must accompany the motion to amend."

request for an award of attorney's fees and costs should be denied.

IT IS ORDERED that:

1. Plaintiff's untitled Motion to Amend (Doc. No. 26) is denied; and

2. Defendants' request for an award of attorney's fees and costs is denied.

                                                  _____
SENIOR UNITED STATES DISTRICT JUDGE