IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL DEON JACKSON,

     Plaintiff,

vs.                              Civ. No.  08-1131 JP/ACT

L. KELLY #5168; S. TORRES
#5165; ALBUQUERQUE POLICE
DEPARTMENT; SGT. HOPPE;
SGT. N. SANCHEZ #2909; CITY
OF ALBUQUERQUE, NEW MEXICO;
Y. MAURX; and SGT. KENNY,

     Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On September 29, 2009, the *pro se* Plaintiff filed a Motion for Relief/Motion Compelling Name of Witness (Doc. No. 31)(First Motion to Compel), a Request for Order to Cease and Desist (Doc. No. 34), and another Motion for Relief/Motion Compelling Name of Witness (Doc. No. 35)(Second Motion to Compel).  Having reviewed the briefs and relevant law, the Court determines that: 1) Defendants' request to strike the Second Motion to Compel should be denied; 2) all three motions should be denied without prejudice; and 3) that the parties' requests for attorney's fees and costs should also be denied.

Plaintiff seeks in these three motions to compel Defendants to disclose the name of a civilian police ride-along who was present at an incident which forms a basis for Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (Doc. No. 1).  Plaintiff requests that Defendants disclose the name of the ride-along because that person was a witness to Plaintiff's alleged §1983 claims and because Plaintiff wants to sue that person as well.  The Court has already ruled that the ride-along cannot be added as a defendant to this lawsuit.  Memorandum Opinion and

Order (Doc. No. 51), filed November 18, 2009).  The question then is whether the name of the ride-along should be disclosed to Plaintiff as a potential witness.

To begin with, Defendants, in Defendants' Response to Plaintiff's Second Motion to Compel the Name of a Witness (Doc. No. 37) at 4, ask that the Court to strike the Second Motion to Compel under Fed. R. Civ. P. 11 because it basically duplicates the First Motion to Compel.  *See Williams v. Baldwin County Commission*, 203 F.R.D. 512, 515 (S.D. Ala. 2001). Rule 11, however, does not apply to "disclosure or discovery requests."  Rule11(d).  Moreover, the Defendants did not follow the requisite procedures for filing a Rule 11 motion for sanctions. *See* Rule 11(c)(2)("[a] motion for sanctions must be made separately from any other motion" and the offending party must be given an opportunity to remedy the offensive conduct prior to the filing of a Rule 11 motion).  Consequently, the Court will deny Defendant's request to strike the Second Motion to Compel.

Next, the Defendants argue that Plaintiff's failure to comply with Fed. R. Civ. P. 37(a)(1) is a basis for denying Plaintiff's request for disclosure of the name of the ride-along.  Rule 37(a)(1) requires that when a plaintiff moves for an order compelling disclosure, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *See also* D.N.M. LR-Cv 7.1(a)("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied.").  Even though he appears *pro se*, Plaintiff must become familiar with, and must comply with, the Federal Rules of Civil Procedure and the Local Rules of this Court.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir.2007)(noting that the United States Court of Appeals for the Tenth Circuit has "repeatedly insisted that *pro se* parties follow the same rules of

2

procedure that govern other litigants") (internal quotation marks omitted).  Considering Plaintiff's prior extensive litigation experience in this Court[1] and the ready availability of the Court's <u>Guide for Pro Se Litigants</u> which specifically states at page 11 that "[a] motion that omits recitation of a good-faith request for concurrence may be denied," the Court concludes that Plaintiff should have been aware of the certification/recitation requirement set forth in both the Federal Rules of Civil Procedure and the Local Rules.  Plaintiff's failure to comply with that requirement is a ground for denying all three of Plaintiff's motions, albeit without prejudice because the Court did not decide the merits of those motions.

Having successfully opposed Plaintiff's motions, Defendants ask that they be awarded attorney's fees and costs under Fed. R. Civ. P. 37(a)(5)(B).  Rule 37(a)(5)(B) provides that when a motion to compel is denied, the Court must, "after giving an opportunity to be heard," order reasonable expenses, including attorney's fees, be paid to the party opposing the motion to compel.  However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."  Here, although Plaintiff's request to disclose the name of the ride-along was denied on a procedural basis, he was substantially justified in requesting the name of a potential witness.  In addition, the Court considers Plaintiff's *in forma pauperis* and *pro se* status and determines that an award of expenses would be "unjust" in this case.  In sum, Defendant's request for an award of attorney's fees and costs for opposing these motions will be denied.

---

[1]Plaintiff has filed eleven other cases in this district: Civ. No. 08-1091 PJK/LFG, Civ. No. 08-1108 WJ/LAM, Civ. No. 09-54 WJ/RHS, Civ. No. 09-94 JP/ACT, Civ. No. 09-285 JCH/RHS, Civ. No. 09-286 BB/DJS, Civ. No. 09-350 JCH/KBM, Civ. No. 09-351 MCA/DJS, Civ. No. 09-698 BB/CG, Civ. No. 09-884 WJ/RLP, and Civ. No. 09-926 MCA/RLP.

Finally, notwithstanding the fact that Plaintiff is not an attorney, Plaintiff is not entitled to an award of attorney's fees and costs because he did not prevail on his motions.  Plaintiff's request for an award of attorney's fees and cost will, therefore, be denied as well.

IT IS ORDERED that:

1.  Plaintiff's Motion for Relief/Motion Compelling Name of Witness (Doc. No. 31), Request for Order to Cease and Desist (Doc. No. 34), and Motion for Relief/Motion Compelling Name of Witness (Doc. No. 35) are denied without prejudice; and

2. the parties' requests for awards of attorney's fees and costs are denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE

4