IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL DEON JACKSON,

    Plaintiff,

vs.  Civ. No. 08-1131 JP/ACT

L. KELLY #5168; S. TORRES
#5165; ALBUQUERQUE POLICE
DEPARTMENT; SGT. HOPPE;
SGT. N. SANCHEZ #2909; CITY
OF ALBUQUERQUE, NEW MEXICO;
Y. MAURX; and SGT. KENNY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On September 11, 2009, the Defendants filed City Defendants' Motion to Dismiss No. I: §1983 Claims Against Albuquerque Police Department (Doc. No. 24)(Motion to Dismiss). Having reviewed the briefs and relevant law, the Court concludes that: 1) the Motion to Dismiss should be granted; 2) any 42 U.S.C. §1983 claims Plaintiff may be bringing against Defendant Albuquerque Police Department (APD) should be dismissed with prejudice; and 3) Defendants' request for an award of attorney's fees and costs should be denied.

*A. Background*

On December 4, 2008, Plaintiff filed a *pro se* Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (Doc. No. 1)(Complaint) based on two allegedly unlawful arrests by APD police officers. Plaintiff named APD as a Defendant and brought several claims against APD. *See* Count 1A of Complaint ("APD is launching a (Get Triginal Organization) GTO campaign") and Count 6 of Complaint ("vicarious liability, **Command responsibility**, agency-*respondeat superior*-Contributory negligence, **Enterprise liability** Title 42 U.S.C. Section 14141 (Pattern

and Practice)"). Defendants move to dismiss any §1983 claims Plaintiff may be bringing against APD. Defendants also seek an award of attorney's fees and costs incurred in preparing and filing this Motion to Dismiss.

B. Discussion

    *1. §1983 Claims Against APD*

The Defendants bring this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009)(citations omitted). Finally, a *pro se* complaint is held to a less stringent standard than a pleading drafted by a

2

lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(*per curiam*).

Defendants argue that Plaintiff has not stated a §1983 claim against APD because APD is not a suable entity under §1983. The Court agrees with the Defendants. The Tenth Circuit Court of Appeals has clearly held in unpublished decisions that APD cannot be sued under §1983 since it lacks a legal identity separate from the City of Albuquerque. *See Henry v. Albuquerque Police Dept.*, 49 Fed. Appx. 272, 274 n.1 (10th Cir. 2002)(unpublished decision)(citing *Ketchum v. Albuquerque Police Department*, 1992 WL 51481 *2 (10th Cir.)(unpublished decision)). Although unpublished decisions like *Henry* and *Ketchum* "are not precedential," the Court may cite those decisions "for their persuasive value." *See* 10th Cir. Rule 32.1(A)(2009). Here, the decisions in *Henry* and *Ketchum* are very persuasive in resolving the issue of whether APD can be sued under §1983. Applying these particularly persuasive decisions to the case at hand, the Court concludes that even if all of Plaintiff's factual allegations are accepted as true and are viewed in the light most favorable to Plaintiff, Plaintiff cannot state a plausible §1983 claim against APD. Consequently, any §1983 claims against APD should be dismissed with prejudice.

*2. Defendants' Request for an Award of Attorney's Fees and Costs*

Defendants further seek an award of attorney's fees and costs incurred in bringing this Motion to Dismiss. Considering Plaintiff's *in forma pauperis* status and lack of legal training, the Court determines that in the interest of justice Defendants are not entitled to an award of attorney's fees and costs.

IT IS ORDERED that:

1. City Defendants' Motion to Dismiss No. I: §1983 Claims Against Albuquerque Police Department (Doc. No. 24) is granted;

2. any §1983 claims Plaintiff may have brought against APD will be dismissed with prejudice; and

3. Defendants' request for an award of attorney's fees and costs is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE