IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL DEON JACKSON,

      Plaintiff,

vs.                                                                    Civ. No.  08-1131 JP/ACT

L. KELLY #5168; S. TORRES
#5165; ALBUQUERQUE POLICE
DEPARTMENT; SGT. HOPPE;
SGT. N. SANCHEZ #2909; CITY
OF ALBUQUERQUE, NEW MEXICO;
Y. MAURX; and SGT. KENNY,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On October 27, 2009, Defendants filed City Defendants' Motion to Dismiss No. II:

Count 1(A) [sic] and Count 6 of Plaintiff's Complaint and All §1983 Claims Against Defendant

Hoppe, Defendant Sanchez, and Defendant Kenny (Doc. No. 40)(Motion to Dismiss).  Having

reviewed the briefs and relevant law, the Court determines that the Motion to Dismiss should be

granted in part in that: 1) Count 1A of the Civil Rights Complaint Pursuant to 42 U.S.C. §1983

(Doc. 1)(Complaint) should be dismissed with prejudice; 2) Count 6 of the Complaint, with the

exception of the citizen complaint claim, the fabrication of evidence and false arrest claims, and

the Title VI claim, should be dismissed with prejudice; 3) Plaintiff's §1983 claims against

Defendants Sgt. Hoppe and Sgt. Sanchez should be dismissed with prejudice; 4) Plaintiff's

§1983 claims against Defendant Sgt. Kenny should be dismissed without prejudice; and 5)

Defendants' request for an award attorney's fee and costs should be denied.

*A. Background*

    *1. Factual Allegations*

Construing Plaintiff's *pro se* Complaint liberally, the Court finds that Plaintiff is

challenging two separate incidents by Albuquerque Police Department (APD) police officers.

The first incident occurred on September 1, 2008 and involved Defendants Kelly and Torres.

That incident began when Plaintiff allegedly commented to one of the officers: "I don't mind

that a cute officer is standing by my bike." Criminal Complaint (attached to Complaint). The

incident apparently escalated and ended when Defendant Kelly arrested Plaintiff and charged

him in a Criminal Complaint with disorderly conduct, assault on a police officer, and obstructing

an officer. *Id*. Defendant Sgt. Sanchez allegedly approved the Criminal Complaint without

listening to Defendant Kelly's belt tape. The second incident occurred on November 26, 2008

and involved Defendants Maurx and Sgt. Hoppe. Admission of Exhibits (Doc. No. 4) at 4, filed

Feb. 25, 2009. This incident began when Defendant Maurx stopped a van (apparently a

commercial vehicle) driven by Plaintiff. Plaintiff alleges that Defendant Maurx subsequently

seized a pair of his box cutters and his identification. *Id*. As a result of the stop, Defendant Sgt.

Hoppe apparently issued citations to Plaintiff.[1] Count 6 of Complaint.

---

[1]The Court notes that Plaintiff names Defendant Sgt. Kenny in the caption of the Complaint but Plaintiff does not make any allegations against him in the body of the Complaint.

*2. Portions of Complaint at Issue in this Motion to Dismiss*[2]

Count 1A of the Complaint is titled "**Harassment** 609.749 Minnesota Statutes" and

states in pertinent part:

> These officers are harassing me. They have interfered with work, play dates, battered, verbal abuses, abused power, false arrest, false charges, Misconduct [sic], entrapment and all the other issues raised. Sergeant Hoppe knew that I was in a commercial vehicle, he knew that my paper was correct, he knew that the company is responsible for insurance issue. I call my dispatch for verification of documents. Hoppe wrote these citations to be mean. Kelly same. Maurx same. APD is launching a (Get Triginal Organization) GTO campaign.

Plaintiff mentions Defendant Sgt. Hoppe only in Count 1A.

 Count 6 of the Complaint is titled "vicarious liability, **Command responsibility**,

agency-*respondeat superior*-Contributory negligence, **Enterprise liability** Title 42 U.S.C.

Section 14141 (Pattern and Practice)." Plaintiff alleges in Count 6 that although he asked

Defendant Sgt. Sanchez to review Defendant Kelly's belt tape prior to signing the Criminal

Complaint regarding the September 1, 2008 arrest, Defendant Sgt. Sanchez did not comply with

his request. In addition, Plaintiff maintains in Count 6 that there was a "**Lack of**

**supervison/monitoring of officers' actions**." Count 6 of Complaint. Plaintiff also alleges

"**Lack of, or improper training of officers.**" *Id*. Next, Plaintiff contends that APD has "**a**

**citizen complaint process which treats complainants as adversaries.**" *Id*. Plaintiff

complains in Count 6 that the 90 day period in which to file a citizen complaint is not long

enough and that "sometime [sic] they even grab you aggressively these complaint people have

no right to touch you." *Id*. Plaintiff further asserts that Defendants Kelly and Maurx fabricated

evidence and falsely arrested him when they claimed they were afraid of him. Finally, Plaintiff

---

[2]Counts 1B, 2, 3, 4, and 5 of the Complaint are not discussed in this Memorandum Opinion and Order.

alleges in Count 6 that the internal affairs office of APD violated Title VI of the Civil Rights Act

of 1964 by refusing to address "complaints alleging discriminatory treatment by its officer."[3]  *Id.*

B.  *Discussion*

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss with prejudice Count 1A,

Count 6, and all of the §1983 claims against Defendants Sgt. Hoppe, Sgt. Sanchez, and Sgt.

Kenny.  Defendants also seek an award of attorney's fees and costs incurred in bringing this

Motion to Dismiss.

1.  *Rule 12(b)(6) Motion to Dismiss*

Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon

which relief can be granted."  In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts

all well-pleaded allegations as true and views them in the light most favorable to the plaintiff.

*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th

Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's

entitlement to relief through more than labels, conclusions and a formulaic recitation of the

elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

the complaint does not need to include detailed factual allegations, "factual allegations must be

enough to raise a right to relief above the speculative level."  *Id.* In other words, dismissal of a

complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set

forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

---

[3]The Court assumes that unless Plaintiff specifically refers to a statute or doctrine other than §1983, Counts 1A and 6 refer only to §1983 claims.  This assumption is based on two facts. First, the title of the Complaint indicates it is a §1983 complaint. And, second, although Plaintiff is aware that Defendants are treating Counts 1A and 6 as primarily based on §1983, Plaintiff does not contradict this treatment of Counts 1A and 6 in his Response.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

Finally, a *pro se* complaint is held to a less stringent standard than a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972)(*per curiam*).

### a. Count 1A and Defendant Sgt. Hoppe

Defendants argue first that Count 1A should be dismissed because it is vague and conclusory, and that Count 1A does not state a §1983 claim against Defendant Sgt. Hoppe.[4] The Defendants are correct for several reasons. First, although Plaintiff cites to a Minnesota statute on harassment, Plaintiff fails to explain why Minnesota law would be applicable to this case. Ordinarily, Minnesota law would not apply to a lawsuit involving only New Mexico parties and incidents occurring only in New Mexico. Second, Plaintiff refers to "[t]hese officers" in alleging harassment. Plaintiff fails to specify who he is referring to. Third, Plaintiff concludes generally that "[t]hese officers" harmed him in multiple ways but Plaintiff does not support these conclusory alllegations with any facts. Fourth, Plaintiff's bald assertion that Defendant Sgt.

---

[4]Plaintiff attempts in his response to expand on his claims in both Counts 1A and 6. *See* City Defendants' Motion to Dismiss No. II: Count 1(A) and Count 6 of Plaintiff's Complaint and All §1983 Claims Against Defendant Sgt. Hoppe, Defendant Sgt. Sanchez, and Defendant Sgt. Kenny Plaintiff Response (Doc. No. 44), filed Nov. 4, 2009 (Response). However, it is well-settled that "[t]he nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). *See also Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003)(a plaintiff may not rely on allegations in his reply brief to supplement the complaint). Hence, the Court is limited to examining only the Complaint to determine the sufficiency of Plaintiff's allegations under Rule 12(b)(6).

Hoppe issued citations "to be mean" does not amount to a §1983 claim, because Plaintiff does not allege that the issuance of the citations amounted to a violation of a constitutional or federal right, a requirement for a §1983 claim. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)("To state a claim for relief in an action brought under §1983, [plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). Fifth, Plaintiff appears to maintain that Defendants Kelly and Maurx acted the "same" as Defendant Sgt. Hoppe, i.e., "mean." Again, a mere allegation of "mean" behavior is not the equivalent of alleging a violation of a constitutional or federal right which would support a §1983 claim. Finally, Plaintiff's §1983 claim that APD was launching a "GTO campaign" has already been dismissed with prejudice. *See* Order Dismissing With Prejudice 42 U.S.C. §1983 Claims Against Defendant Albuquerque Police Department (Doc. No. 54), filed November 20, 2009). Accepting Plaintiff's allegations as true and viewing them in the light most favorable to Plaintiff, the Court determines that Plaintiff has failed to state a plausible cause of action based on either Minnesota law or §1983. Hence, Count 1A and the §1983 claim against Defendant Sgt. Hoppe should be dismissed with prejudice.

### b. Count 6 and Defendant Sgt. Sanchez

#### (1) Vicarious or Respondeat Superior Liability

Defendants argue first that a plaintiff cannot seek vicarious or *respondeat superior* liability under §1983. This is a correct statement of the law. *See Iqbal*, 129 S.Ct. at 1948. Plaintiff's claims of vicarious or *respondeat superior* liability are, therefore, subject to dismissal with prejudice for failure to state a plausible claim under §1983.

*(2)  Command Responsibility*

Defendants also contend that the doctrine of command responsibility is inapplicable to this case because command responsibility applies to military leaders "in the context of criminal proceedings before international tribunals."  *Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1288-89 and n.6 (11ᵗʰ Cir. 2002).  Again, Defendants are correct.  Plaintiff's claim of command responsibility will be dismissed with prejudice for failure to state a plausible claim.

*(3)  Contributory Negligence*

Defendants further argue that Plaintiff cannot bring a claim of contributory negligence because it is a defense, not a cause of action.  Whether contributory negligence is characterized as a defense or cause of action, if it is assumed for the sake of argument that Plaintiff is bringing a claim of contributory negligence under New Mexico law, that claim nonetheless fails because the New Mexico Supreme Court "abolished contributory negligence in favor of comparative negligence."  *Norwest Bank New Mexico, N.A. v. Chrysler Corp.*, 127 N.M. 397, 1999-NMCA-070 ¶60 (Ct. App.)(special concurrence by Court of Appeals Judge Harris Hartz)(citation omitted).  In addition, if Plaintiff is bringing a claim of contributory negligence under §1983, that claim fails as well.  "[A] negligent act by a state official does not give rise to §1983 liability."  *Zinermon v. Burch*, 494 U.S. 113, 129 n.14 (1990)(citation omitted).  Consequently, Plaintiff has not stated a plausible contributory negligence claim and that claim will be dismissed with prejudice.

(4)  *Enterprise Liability*

Next, Defendants assert that Plaintiff's claim of enterprise liability is inapplicable to this case.  Defendants note that "enterprise liability" is a doctrine that has arisen in products liability cases where a plaintiff is "unable to identify the actual supplier of the product that caused the

harm." *Glaser v. Cincinnati Milacron, Inc.*, 808 F.2d 285, 189 (3rd Cir. 1986). Clearly, an

enterprise liability claim in that context is not a plausible claim in this case. The Court also

notes that a mere label of "enterprise liability," as Plaintiff has alleged in this case, is not enough

to state any kind of plausible cause of action whether under §1983 or some other doctrine.

Plaintiff's enterprise liability claim is likewise subject to dismissal with prejudice for failure to

state a plausible claim.

### (5)  42 U.S.C. §14141 (Pattern and Practice)

Defendants also argue that Plaintiff cannot state a claim under §14141 because it does

not permit private individuals to bring suit. Section 14141(a) provides that:

> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

Section 14141(b) further states that only "the Attorney General, for or in the name of the United

States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the

pattern or practice." Emphasis added. Obviously, Plaintiff cannot bring a plausible §14141

claim and that claim will be dismissed with prejudice as well.

### (6)  Defendant Sgt. Sanchez's Failure to Investigate

Additionally, Defendants argue that Plaintiff has failed to state a §1983 claim against

Defendant Sgt. Sanchez for failure to investigate, i.e., Defendant Sgt. Sanchez's failure to review

a belt tape prior to signing the Criminal Complaint. To state a §1983 claim that an officer failed

to conduct a reasonable post-arrest investigation in violation of the Fourteenth Amendment, a

plaintiff must assert facts which show that the officer "acted with deliberate or reckless intent;"

8

allegations of negligence "do not state a claim for a Fourteenth Amendment violation actionable under §1983." *Romero v. Fay*, 45 F.3d 1472, 1478 (10th Cir. 1995). Plaintiff does not allege any facts in the Complaint which indicate that Defendant Sgt. Sanchez "acted with deliberate or reckless intent" when she declined to review the belt tape. At the most, a liberal construction of the Complaint might indicate an allegation of only negligence on Defendant Sgt. Sanchez's part. Plaintiff has, therefore, failed to state a plausible §1983 claim against Defendant Sgt. Sanchez for failure to investigate. The §1983 claim against Defendant Sgt. Sanchez for failure to investigate will be dismissed with prejudice.

### (7) Failure to Supervise/Monitor Officers' Actions

Defendants next contend that Plaintiff has failed to state a claim of supervisor liability under §1983. "A supervisor may be held liable under § 1983 for the acts of his subordinate only if the plaintiff shows that the subordinate violated the Constitution and that there is an affirmative link between the supervisor and the violation-'namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinate [].'" *Lowery v. County of Riley,* 522 F.3d 1086, 1092-93 (10th Cir. 2008)(quoting *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006)). Here, Plaintiff fails to allege who the supervisors are specifically and fails to allege any facts to show an "affirmative link" between any alleged constitutional violation and the active participation or acquiescence of a supervisor in the alleged constitutional violation. Hence, Plaintiff has failed to state a plausible claim of supervisor liability under §1983 and that claim will likewise be dismissed with prejudice.

*(8) Defendant City of Albuquerque's Failure to Train Officers*

The Court *sua sponte*[5] addresses Plaintiff's §1983 failure to train claim as it might pertain

to Defendant City of Albuquerque.[6]  Where a constitutional violation was caused by a city's

failure to adequately train its officers, the city will be liable "only where the failure to train

amounts to deliberate indifference to the rights of persons with whom the police come into

contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).  Plaintiff alleges, here, that

"[t]his officer could not have been train [sic] ***not*** to violate policy because this officer followed

the old ideal that entrapment is not a problem and his/her brethren will stand behind him."

Count 6 of Complaint.  Plaintiff seems to assert that training would not have prevented "[t]his

officer" from entrapping him with the help of other officers.  In other words, even if "[t]his

officer" was properly trained, the officer would have nonetheless entrapped Plaintiff.  Under

these circumstances, Defendant City of Albuquerque's actions or inactions would not have

amounted to "deliberate indifference to the rights of persons with whom the police come into

contact."  Accordingly, Plaintiff has failed to state a plausible §1983 failure to train claim against

---

[5]A district court may *sua sponte* dismiss a *pro se* plaintiff's claim under Fed. R. Civ. P. 12(b)(6) if "'it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"  *Smith v. New Mexico*, 94 Fed. Appx. 780, 781 (10th Cir.), *cert. denied*, 125 S.Ct. 360 (2004)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).

[6]Any §1983 failure to train claim brought against a supervisor is subsumed in the discussion concerning the issue of supervisor liability.

Defendant City of Albuquerque.[7]  This §1983 failure to train claim will be dismissed with

prejudice.

*(9) The Remainder of the Count 6 Claims: Inadequate Citizen Complaint*
*Process, Fabrication of Evidence and False Arrest, and Title VI Violation*

Defendants are silent with respect to whether the remainder of the Count 6 claims are

subject to dismissal under Rule 12(b)(6).  Those remaining claims include allegations that the

citizen complaint process is inadequate, that Defendants Kelly and Maurx fabricated evidence to

falsely arrest Plaintiff, and that Title VI of the Civil Rights Act of 1964 was violated.[8]  Having

reviewed these remaining claims in the light most favorable to Plaintiff and accepting his

allegations as true, the Court is reluctant to dismiss these claims *sua sponte*.  Consequently, these

remaining Count 6 claims will not be dismissed at this time.

c.  *Defendant Sgt. Kenny*

Defendants further argue that Plaintiff's §1983 claims against Defendant Sgt. Kenny

should be dismissed with prejudice because the Complaint only names him as a Defendant in the

caption.  Defendants are correct to the extent that the §1983 claims against Defendant Sgt.

Kenny should be dismissed.  *See Dwire v. Toth*, 215 F.Supp.2d 1128, 1130 (D. Colo.

---

[7]Defendants also argue that New Mexico case law does not support New Mexico Tort
Claims Act (NMTCA) claims for failure to train and supervise "in the absence of either a tort
listed in [the NMTCA] or a deprivation of a right secured by the federal or state constitution or
laws." *McDermitt v. Corrections Corp. of America*, 112 N.M. 247, 248, 814 P.2d 115, 116 (Ct.
App. 1991).  As indicated previously, the Court construes Count 6 to be brought primarily under
§1983. Moreover, Plaintiff does not allege anywhere in Count 6 that he is bringing state tort
claims based on a failure to train or supervise.

[8]Title VI provides: "No person in the United States shall, on the ground of race, color, or
national origin, be excluded from participation in, be denied the benefits of, or be subjected to
discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C.
§2000d.

11

2002)(quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)(Rule 12(b)(6) dismissal of claims is appropriate when complaint merely identifies defendants in caption "and sets forth no allegations of misconduct specific to them."). The dismissal, however, should be without prejudice because the Court is not ruling on the merits of any claim against Defendant Sgt. Kenny.

        2. *Defendants' Request for an Award of Attorney's Fees and Costs*

Additionally, Defendants request that the Court award them attorney's fees and costs which they incurred in bringing this Motion to Dismiss. Defendant's request is denied for two reasons. First, Defendants did not completely prevail in their Motion to Dismiss because they did not succeed in convincing the Court to dismiss all of the claims asserted in Count 6 and the Court denied Defendant's request to dismiss the §1983 claims against Defendant Sgt. Kenny with prejudice. And second, Plaintiff's *pro se* and *informa pauperis* status weigh heavily against an award of attorney's fees and costs.

*C. Conclusion*

Count 1A will be dismissed with prejudice. Count 6, with the exception of the citizen complaint claim, the fabrication of evidence and false arrest claims, and the Title VI claim, will be dismissed with prejudice. Also, Plaintiff's §1983 claims against Defendants Sgt. Hoppe and Sgt. Sanchez will be dismissed with prejudice, and Plaintiff's §1983 claims against Defendant Sgt. Kenny will be dismissed without prejudice. Finally, Defendants' request for an award attorney's fee and costs will be denied.

IT IS ORDERED that:

1. City Defendants' Motion to Dismiss No. II: Count 1(A) [sic] and Count 6 of Plaintiff's Complaint and All §1983 Claims Against Defendant Hoppe, Defendant Sanchez, and

Defendant  Kenny (Doc. No. 40) is granted in part;

2.  Count 1A of the Complaint will be dismissed with prejudice;

3.  Count 6 of the Complaint, with the exception of the citizen complaint claim, the fabrication of evidence and false arrest claims, and the Title VI claim, will be dismissed with prejudice;

4.  Plaintiff's §1983 claims against Defendants Sgt. Hoppe and Sgt. Sanchez will be dismissed with prejudice;

5.  Plaintiff's §1983 claims against Defendant Sgt. Sgt. Kenny will be dismissed without prejudice; and

6.  Defendants' request for an award attorney's fee and costs is denied.


_____
SENIOR UNITED STATES DISTRICT JUDGE