IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL DEON JACKSON,

    Plaintiff,

vs.                                              Civ. No. 08-1131 JP/ACT

L. KELLY #5168; S. TORRES
#5165; CITY OF ALBUQUERQUE,
NEW MEXICO; Y. MAURX,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On November 20, 2009, the Court granted the City Defendants' Motion to Dismiss No. I: §1983 Claims Against Albuquerque Police Department (Doc. No. 24)(Motion to Dismiss I)[1] and dismissed those claims with prejudice. Memorandum Opinion and Order (Doc. No. 53); Order Dismissing with Prejudice 42 U.S.C. §1983 Claims Against Defendant Albuquerque Police Department (Doc. No. 54). On December 16, 2009, the Court granted in part City Defendants' Motion to Dismiss No. II: Count 1(A) [sic] and Count 6 of Plaintiff's Complaint and All §1983 Claims Against Defendant Hoppe, Defendant Sanchez, and Defendant Kenny (Doc. No. 40)(Motion to Dismiss II).[2] Memorandum Opinion and Order (Doc. No. 55). Consequently, the Court entered a contemporaneous Order Dismissing Certain Claims (Doc. No. 56) in which the Court ordered that: 1) Count 1A of Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C.

---

[1]Defendants brought the Motion to Dismiss I under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides that a claim be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a claim under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2]Defendants likewise brought the Motion to Dismiss II under Rule 12(b)(6).

§1983 (Doc. No. 1)(Complaint) is dismissed with prejudice; 2) Count 6 of the Complaint, with the exception of the citizen complaint claim, the fabrication of evidence and false arrest claims, and the Title VI claim, is dismissed with prejudice; 3) Plaintiff's §1983 claims against Sgts. Hoppe and Sanchez are dismissed with prejudice; and 4) Plaintiff's §1983 claims against Sgt. Kenny are dismissed without prejudice.

On December 23, 2009, Plaintiff filed a Writ of review [sic] (Doc. No. 59) which mostly challenges portions of the Court's Memorandum Opinion and Order (Doc. No. 55) which granted in part the Motion to Dismiss II but also challenges the Memorandum Opinion and Order (Doc. No. 53) granting the Motion to Dismiss I. The Court construes the Writ of review [sic] to be a Motion to Reconsider. Having reviewed the briefs and relevant law, the Court concludes that the Motion to Reconsider should be denied.

A. *Standard of Review*

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant who seeks reconsideration of an adverse judgment by the district court may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id*. A Rule 59(e) motion must be filed within "28 days after the entry of the judgment." Rule 59(e). In this instance, the portion of the Motion to Reconsider concerning the Memorandum Opinion and Order (Doc. No. 55) granting in part the Motion to Dismiss II was filed within "28 days after the entry of the judgment." The Court will, therefore, construe that portion of the Motion to Reconsider as a Rule 59(e) motion to alter or amend judgment. *See* Rule 59(e); *Van Skiver*, 952 F.2d at 1243 (motion to reconsider filed within Rule 59(e) time limit for filing motion should be construed as a Rule 59(e) motion). The

portion of the Motion to Reconsider which concerns the Memorandum Opinion and Order (Doc. No. 53) granting the Motion to Dismiss I was filed outside the 28 day period and so will be construed under Rule 60(b).

A Rule 59(e) motion should be granted only upon the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." [3] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citation omitted). In other words, a Rule 59(e) motion may be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. A Rule 59(e) motion is, however, an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id*.

The Court, on the other hand, may grant a Rule 60(b) motion only if one of the following grounds are met:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Rule 60(b). The Court has substantial discretion in determining whether to grant or deny a Rule

---

[3]Curiously, the Rule 59(e) standard Defendants refer to in their response brief is derived partially from an Illinois district court case, *Huff v. UARCO, Inc.*, 925 F.Supp. 550, 561 (N.D. Ill. 1996), *rev'd on other grounds*, 1997 WL 438637 (7th Cir. 1997). *See* Defendants' Response to Plaintiff's Writ of Review (Doc. No. 61)(Response) at 2, filed Jan. 16, 2010.

60(b) motion. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Moreover, "Rule 60(b) relief is only appropriate under extraordinary circumstances." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994)(citing *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).

B. Discussion[4]

    *1. The Rule 59(e) Motion as it Relates to the Memorandum Opinion and Order (Doc. No. 55) Which Granted in Part the Motion to Dismiss II*[5]

The Court notes that Plaintiff does not argue anywhere in his Motion to Reconsider that there has been "an intervening change in the controlling law" or that there is "new evidence" which was not previously available. Hence, the Court's analysis of the Rule 59(e) motion will focus on the "clear error" or "manifest injustice" grounds for granting Rule 59(e) relief.

    *a. Plaintiff's §1983 Claims Against Sgt. Hoppe*

Plaintiff argues first that the Court overlooked his claim in Count 1A of the Complaint that Sgt. Hoppe falsely accused Plaintiff of a crime when Sgt. Hoppe issued a presumably improper citation to Plaintiff. Plaintiff contends that this false accusation constitutes the tort of slander, the tort of defamation, the tort of false light, and led to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff, however, only alleged in Count 1A that Sgt. Hoppe issued a citation to him to be "mean." The Court determined that this bald assertion did not form a plausible basis for a §1983 claim because

---

[4]The Court observes that Defendants did not address any of Plaintiff's concerns in their Response thereby abdicating their role in providing a meaningful opposition to the Motion to Reconsider.

[5]The Court will address the Rule 59(e) motion first because the bulk of Plaintiff's arguments fall within this motion.

4

Plaintiff did not allege in his Complaint that the issuance of a citation "amounted to a violation of a constitutional or federal right, a requirement for a §1983 claim." Memorandum Opinion and Order (Doc. No. 55) at 6. A liberal reading of the Complaint would not have produced the additional claims Plaintiff now attempts to make with respect to Sgt. Hoppe's issuance of a citation. Plaintiff cannot supplement his Complaint by raising new claims in a brief. *See Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003)(plaintiff cannot rely on allegations in reply brief to supplement complaint). Moreover, a Rule 59(e) motion is not appropriate to "advance arguments that could have been raised in prior briefing," *Servants of the Paraclete*, 204 F.3d at 1012 (citation omitted), nor is a Rule 59(e) motion appropriate to give "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed," *Jones v. Wildgen*, 349 F.Supp.2d 1358, 1360-61 (D. Kan. 2004). The Court did not commit clear error or manifest injustice in concluding that Plaintiff's allegation regarding Sgt. Hoppe's issuance of a citation to Plaintiff did not state a plausible §1983 claim.

                *b. Plaintiff's §1983 Claims Against Officers Kelly and Maurx*

Next, Plaintiff contends that the Court misconstrued the following allegations in Count 1A: "Hoppe wrote these citations to be mean. Kelly same. Maurx same. APD is launching a (Get Triginal Organization) GTO campaign." The Court found that "Plaintiff appears to maintain that Defendants Kelly and Maurx acted the 'same' as Defendant Sgt. Hoppe, i.e., 'mean.' Again, a mere allegation of 'mean' behavior is not the equivalent of alleging a violation of a constitutional or federal right which would support a §1983 claim." Memorandum Opinion and Order (Doc. No. 55) at 6. Plaintiff now asserts that the word "same" in Count 1A means that "they all committed Governmental Intrusion." Motion to Reconsider at unnumbered pg. 4. A liberal construction of Count 1A would simply not produce the interpretation of "same" that

5

Plaintiff currently advocates. Hence, the Court did not commit clear error or manifest injustice in its interpretation of "same."

### c. Plaintiff's Minnesota Law Claim

Plaintiff also contends that the Court erred when it dismissed his Minnesota law claim raised in Count 1A. The Court had concluded that "[o]rdinarily, Minnesota law would not apply to a lawsuit involving only New Mexico parties and incidents occurring only in New Mexico." Memorandum Opinion and Order (Doc. No. 55) at 5. Plaintiff argues, without citation to any legal source, that "Minnesota law would [be] applicable because most state laws are the same." Motion to Reconsider at unnumbered pg. 4. This unsubstantiated argument does not show that the Court committed clear error or manifest injustice when it dismissed Plaintiff's Minnesota law claim.

### d. Plaintiff's Argument Regarding the Background Facts

Plaintiff further asserts that the Court misconstrued some of the facts presented as background information in the Memorandum Opinion and Order (Doc. No. 55). The Court discerned as best it could from a confusing Complaint and from Plaintiff's unclear Admission of Exhibits (Doc. No. 4), filed Feb. 25, 2009, that Plaintiff was complaining of two separate incidents involving Defendants. Plaintiff now maintains that there were actually three separate incidents and that the Court merged the facts of two of these incidents into one incident. The Court, however, did not rely on the fact that there were separate incidents (whether two or three incidents) in making any of its legal conclusions. The nature of Plaintiff's claims in the Complaint did not depend on the separateness of the incidents. In reviewing the Motion to Dismiss II, the Court was confined to examining Plaintiff's claims and allegations as stated in the Complaint. *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)(it is well-settled

that "[t]he nature of a Rule 12(b)(6) motion [to dismiss] tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."). Consequently, the Court would have arrived at the same legal conclusions whether Plaintiff complains of two or three separate incidents. Any error the Court may have committed regarding the background facts of the case was, therefore, harmless and not a basis for Rule 59(e) relief. *See* 11 Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 2d §2810.1 at 128 (1995)("[A]mendment of judgment will be denied if it would serve no useful purpose.").

*e. Plaintiff's §1983 Claim of "Officers" Harming Him*

In addition, Plaintiff disputes the following statement by the Court which was made with respect to Count 1A: "Plaintiff concludes generally that '[t]hese officers' harmed him in multiple ways but Plaintiff does not support these conclusory allegations with any facts." Memorandum Opinion and Order (Doc. No. 55) at 5. Plaintiff argues that his reference to "these officers" refers to all named officers and even officers he has not met or yet sued. He also claims that he has been harmed by false arrest, false charges, slander, libel, and emotional distress. In liberally construing the Complaint, the Court cannot be expected to guess who Plaintiff is referring to when he claims in a nonspecific manner that "officers" harmed him or to guess what specific actions or incidents by the officers allegedly harmed Plaintiff. The purpose of a Rule 12(b)(6) motion to dismiss is to examine the Complaint to determine if a plaintiff has stated "a claim upon which relief can be granted." Rule 12(b)(6). To state a claim, the complaint must provide enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff's general allegation in Count 1A that "officers" harmed him did not "raise a right to relief above the speculative level." Hence, the Court did not commit clear error or manifest injustice when it concluded that Plaintiff's

allegation in Count 1A regarding "officers" harming him did not state a plausible §1983 claim.

### f. *Plaintiff's §1983 Supervisor Liability Claim*

Plaintiff further argues that the Court erred when it determined that Plaintiff failed to state a plausible claim of §1983 supervisor liability as alleged in Count 6 of the Complaint. The Court came to this determination because Plaintiff "fail[ed] to allege who the supervisors are specifically and fail[ed] to allege any facts to show an 'affirmative link' between any alleged constitutional violation and the active participation or acquiescence of a supervisor in the alleged constitutional violation." Memorandum Opinion and Order (Doc. No. 55) at 9. Plaintiff now states that the supervisors he referred to in Count 6 were Sgt. Kenny and Sgt. Sanchez and that they deprived him of his liberty and property. As already noted, Plaintiff cannot attempt to supplement his Complaint by now making new allegations of fact. *See Issa*, 354 F.3d at 1179 (plaintiff may not rely on allegations in his reply brief to supplement the complaint). A liberal construction of Count 6 would not have lead a reasonable person to conclude that the supervisor liability claim was against any particular person, let alone Sgt. Kenny and Sgt. Sanchez. Additionally, a liberal construction of the Complaint would lead a reasonable person to conclude that Plaintiff did not allege facts to show any kind of "affirmative link" between a supervisor and a constitutional violation. In applying the standard of review for a Rule 12(b)(6) motion to dismiss to the §1983 supervisor liability claim, the only outcome the Court could have come to was that the Plaintiff failed to state a plausible §1983 claim for supervisor liability. The Court, therefore, did not commit clear error or manifest injustice in determining that Plaintiff failed to state a plausible §1983 supervisor liability claim.

### g. Plaintiff's §1983 Failure to Train Claim

Additionally, Plaintiff contests the Court's conclusion that he did not state a plausible §1983 failure to train claim. In coming to this conclusion, the Court observed that

> Plaintiff alleges, here, that "[t]his officer could not have been train [sic] ***not*** to violate policy because this officer followed the old ideal that entrapment is not a problem and his/her brethren will stand behind him." Count 6 of Complaint. Plaintiff seems to assert that training would not have prevented "[t]his officer" from entrapping him with the help of other officers. In other words, even if "[t]his officer" was properly trained, the officer would have nonetheless entrapped Plaintiff. Under these circumstances, Defendant City of Albuquerque's actions or inactions would not have amounted to "deliberate indifference to the rights of persons with whom the police come into contact."

Memorandum Opinion and Order (Doc. No. 55) at 10. Plaintiff argues that the Court assumed that proper training would not have prevented entrapment, and Plaintiff argues that proper training could have changed the behavior of the officers. The Court did not make any assumptions regarding what properly trained officers would or would not do. Rather, the Court was attempting to discern from a poorly written Complaint what Plaintiff was trying allege with respect to the proper training of officers. Considering the unclear nature of the allegation, a reasonable person would have reached the same conclusion as the Court. Hence, the Court did not commit clear error or manifest injustice when it decided that Plaintiff failed to state a plausible §1983 failure to train claim.

### h. Plaintiff's §1983 Claims Against Sgt. Kenny

Finally, the Plaintiff maintains that the Court erred when it dismissed without prejudice the §1983 claims against Sgt. Kenny. The Court dismissed the §1983 claims against Sgt. Kenny because Plaintiff only named him in the caption of the Complaint and did not make any specific allegations against him in the body of the Complaint. The Court cited to *Dwire v. Toth*, 215 F.Supp.2d 1128, 1130 (D. Colo. 2002)(quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.

9

1997)) for the proposition that a Rule 12(b)(6) dismissal of a claim is appropriate when the complaint merely identifies a defendant in the caption "and sets forth no allegations of misconduct specific to them."

Plaintiff contends that Sgt. Kenny's name is "in the complaint form and gives his role in the violation. It also proves that he lack [sic] supervisor role in dealing with Maurx." Motion to Reconsider at unnumbered pg. 9. Moreover, Plaintiff argues that the Court acknowledged Sgt. Kenny in Count 1A. Plaintiff then asserts that when he attempted to file a lawsuit in state court, the clerk of the court turned down the complaint and told him to file the lawsuit in federal court. Consequently, Plaintiff maintains that "the issue should be 'Tolled' if not renewed." Motion to Reconsider at 9.

In reviewing the Complaint again, the Court finds that Sgt. Kenny's name appears only in the caption and there is no mention of his role in the Complaint. The Court also did not mention Sgt. Kenny in its discussion of Count 1A. Additionally, filing a lawsuit in federal court, as opposed to filing a lawsuit in state court, should not have prevented Plaintiff from making specific allegations against Sgt. Kenny in his federal Complaint. Finally, the Court did not dismiss the §1983 claims against Sgt. Kenny with prejudice so Plaintiff may pursue those claims if he does so in accordance with the Federal Rules of Civil Procedure and within any applicable statute of limitations. The Court did not commit clear error or manifest injustice when it dismissed the §1983 claims against Sgt. Kenny without prejudice.

   *2. The Rule 60(b) Motion as it Relates to the Memorandum Opinion and Order (Doc. No. 53) which Granted the Motion to Dismiss I*

Plaintiff asserts that the Court wrongly dismissed his §1983 claims against the Albuquerque Police Department because other courts have allowed lawsuits against police

departments. If this assertion is correct, Plaintiff could possibly be entitled to Rule 60(b) relief due to mistake or for "any other reason that justifies relief." *See* Rule 60(b). Plaintiff's contention, however, is incorrect. The cases Plaintiff cites to are distinguishable from this case because they do not involve §1983 claims brought against the Albuquerque Police Department. As the Court noted in its Memorandum Opinion and Order (Doc. No. 53) at 3:

> The Tenth Circuit Court of Appeals has clearly held in unpublished decisions that APD cannot be sued under §1983 since it lacks a legal identity separate from the City of Albuquerque. *See Henry v. Albuquerque Police Dept.*, 49 Fed. Appx. 272, 274 n.1 (10th Cir. 2002)(unpublished decision)(citing *Ketchum v. Albuquerque Police Department*, 1992 WL 51481 *2 (10th Cir.)(unpublished decision). Although unpublished decisions like *Henry* and *Ketchum* "are not precedential," the Court may cite those decisions "for their persuasive value." *See* 10th Cir. Rule 32.1(A)(2009).

The Court's determination that Plaintiff could not bring §1983 claims against the Albuquerque Police Department was correct and there is no basis for granting a Rule 60(b) motion regarding those claims.

*C. Conclusion*

The Court construes Plaintiff's Writ of review [sic] as a Motion to Reconsider. When the Motion to Reconsider concerns the Memorandum Opinion and Order (Doc. No. 55) which granted in part the Motion to Dismiss II, the Court treats the Motion to Reconsider as a Rule 59(e) motion. The Court concludes that Plaintiff is not entitled to Rule 59(e) relief because the Court's Memorandum Opinion and Order (Doc. No. 55) did not contain clear error or any kind of manifest injustice. Furthermore, when the Motion to Reconsider concerns the Memorandum Opinion and Order (Doc. No. 53) which granted the Motion to Dismiss I, the Court treats the Motion to Reconsider as a Rule 60(b) motion. The Court determines that Plaintiff is not entitled to Rule 60(b) relief because none of the six grounds for Rule 60(b) relief apply to the Court's Memorandum Opinion and Order (Doc. No. 53). In sum, Plaintiff's Motion to Reconsider, i.e.,

Plaintiff's Writ of review [sic], should be denied.

IT IS ORDERED that Plaintiff's Writ of review [sic] (Doc. No. 59) is denied.

```
_____
      SENIOR UNITED STATES DISTRICT JUDGE
```