IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

    Plaintiff,

vs.                                                           Civ. No. 08-1131 JP/ACT

L. KELLY, S. TORRES,
ALBUQUERQUE POLICE DEPARTMENT,
SGT. HOPPE, SGT. N. SANCHEZ, CITY
OF ALBUQUERQUE, Y. MAURX, and
SGT. KENNY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 22, 2010, Defendants L. Kelly, S. Torres, Albuquerque Police Department (APD), City of Albuquerque, and Y. Maurx (collectively, Defendants) filed City Defendants' Motion to Dismiss No[.] IV: Count 5, Citizen Complaint and Title VI Claims Under Count 6, and All Claims Against City of Albuquerque Under Rule 12(B)(6), or in the Alternative to Dismiss Count 5, and All Claims Against City of Albuquerque, and Grant Summary Judgment on Citizen Complaint and Title VI Claim of Count 6 (Doc. No. 87)(Motion to Dismiss).[1] Having reviewed the briefs[2] and relevant law, the Court concludes that the Motion to Dismiss should be

---

[1] On December 16, 2009, the Court dismissed with prejudice all of the claims brought under Count 6 of the Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (Doc. No. 1) (Complaint) except for the citizen complaint claim, the fabrication of evidence claim, the false arrest claim, and the Title VI claim. Order Dismissing Certain Claims (Doc. No. 56). This Motion to Dismiss only addresses the citizen complaint and Title VI claims brought under Count 6.

[2] On June 1, 2010, Plaintiff filed a brief which the Court construes as a surreply. Doc. No. 106. The Local Rules do not allow a party to file a surreply without leave of the Court. D.N.M. LR-Cv 7.4(b). Plaintiff did not obtain leave of the Court to file the surreply; consequently, the Court will disregard the surreply.

granted in that: Count 5 should be dismissed with prejudice; all claims against Defendant City of Albuquerque should be dismissed without prejudice; the citizen complaint claim under Count 6 regarding the 90 day period to file a citizen complaint should be dismissed without prejudice; the citizen complaint claim under Count 6 regarding employees grabbing Plaintiff should be dismissed with prejudice; and Defendants are entitled to summary judgment on the Title VI claim under Count 6. The Court further concludes that: Defendants' request for an award of attorney's fees and costs should be denied; and Plaintiff's request to amend the Complaint should be denied.[3]

*A. Background*

*1. Factual Bases for Claims*

Plaintiff's Complaint is based on two separate incidents involving APD Officers. The first incident occurred on September 1, 2008 and involved Defendants Kelly and Torres, APD officers. Defendants Kelly and Torres had stopped to speak to two females and Plaintiff who were sitting on the corner of a street. One of the females was highly intoxicated. At one point during the encounter Plaintiff allegedly commented to one of the officers: "I don't mind that a cute officer is standing by my bike." Criminal Complaint (attached to Complaint). The incident apparently escalated and the two females left the area. Defendant Kelly, however, arrested Plaintiff and charged him in a Criminal Complaint with disorderly conduct, assault on a police officer, and obstructing an officer. *Id*. Defendant Sgt. Sanchez approved the Criminal

---

[3]Plaintiff also requests an extension of time to respond to Defendant's other dispositive motions. On June 10, 2010, the Court granted that request as to City Defendants' Motion for Partial Summary Judgment I: Qualified Immunity on Malicious Prosecution and Unlawful Arrest Claims under Count 1B (Doc. No. 93) because that was the only dispositive motion Plaintiff had not yet responded to. *See* Order Extending Time to Respon (Doc. No. 110).

2

Complaint. *Id*. Plaintiff was jailed 56 days as a result of this incident. Then, on October 20, 2008, the Metropolitan Court Judge dismissed the charges because Defendant Kelly arrived at court late.

On November 25, 2008, the date of the second incident, Plaintiff was riding as a passenger in a van. Defendant Maurx, an APD officer, stopped the van for not having a license plate lamp. A ride-along person accompanied Defendant Maurx.[4] During the course of the stop, Plaintiff produced a New Mexico driver's license and a Utah driver's license.[5] Defendant Maurx was able to verify the New Mexico driver's license through the New Mexico Motor Vehicle Division but was unable to verify the Utah driver's license through a National Crime Information Center (NCIC) check. Defendant Maurx returned the New Mexico driver's license to Plaintiff but kept the Utah driver's license. Defendant Maurx informed Plaintiff that he could retrieve the Utah driver's license from the evidence unit if it was indeed a valid license. Plaintiff was later unable to retrieve the Utah driver's license from the evidence unit.

Also during the course of the stop, Plaintiff was patted down and produced two box cutters from his pocket. Plaintiff admits that the patdown was necessary for officer safety. Defendant Maurx did not immediately return the box cutters to Plaintiff because, according to Defendant Maurx, Plaintiff was acting aggressively. Defendant Maurx informed Plaintiff that he could retrieve the box cutters from the evidence unit. Defendant Maurx then allowed Plaintiff to leave the scene. Plaintiff ultimately retrieved the box cutters from the evidence unit.

---

[4] During the June 10, 2010 pretrial conference the Court asked for the identity of the ride-along person and subsequently counsel advised that he is Michael Johnson.

[5] Although the parties refer to a Utah "driver's license," Plaintiff explained at the June 10, 2010 pretrial conference that it really was an identification card. For the sake of consistency, the Court will continue to refer to a Utah "driver's license."

The day after the November 25, 2008 incident, Plaintiff filed a citizen complaint with APD concerning Defendant Maurx's conduct. On February 12, 2009, an APD Internal Affairs Lieutenant completed a review of the citizen complaint, and on March 5, 2009, the Independent Review Officer (IRO) for the Police Oversight Commission (POC) made findings and conclusions regarding whether Defendant Maurx violated any Standard Operating Procedures (SOPs).[6] Plaintiff did not appeal the IRO's decision.

*2. Count 5, the Count 6 Citizen Complaint Claim, and the Count 6 Title VI Claim*

Count 5 is titled "**Discrimination, [De]facto policy**, legal egalitarianism, Profiling." Complaint at 4 (page numbered 2). At the very beginning of Count 5, Plaintiff states: "(Re: Officer Kelly)." *Id*. Liberally construing the *pro se* Complaint, the Court believes that Plaintiff contends that Defendants Kelly and Torres treated Plaintiff differently than the two females because he is not a New Mexican and because he is Black. Plaintiff also makes a conspiracy claim against apparently all of the Defendant officers: "[t]hese people started plotting against me. They stole my property, false arrest, and other things, but it is not hard to figure how they did it. As a Black Man I stand out amongst the people." *Id*.

Liberally construing the citizen complaint claim under Count 6, the Court finds that Plaintiff, first, alleges that the 90 day period to file a citizen complaint against an APD officer is unfair because if a complainant or potential complainant is in jail that person cannot toll the 90 day period if he or she discovers new information to support the complaint. Second, Plaintiff alleges that the citizen complaint process is adversarial resulting in arguing and "sometime [sic]

---

[6]The IRO exonerated Defendant Maurx on two issues and determined that "[t]here is no SOP that addresses how a ride along must behave while accompanying an on-duty officer; however, the civilian has no authority to act as a policeman, and his permission to assist in any circumstances is quite limited." Ex. 3 at 3 (Doc. No. 88-3)(sealed).

they even grab you aggressively these complaint people have not right to touch you." *Id*.

In liberally construing the Title VI claim under Count 6, the Court believes that Plaintiff alleges APD violated Title VI by refusing to address his citizen complaint of discriminatory treatment by Defendant Maurx. Plaintiff maintains that the APD Internal Affairs Unit should have reviewed his citizen complaint, not the POC Independent Review Officer.

*B. Discussion*

Defendants bring this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. Defendants move, specifically, to dismiss with prejudice the following claims: the Count 5 equal protection claim,[7] the Count 5 §1983 conspiracy claim, any claims against Defendant City of Albuquerque, the Count 6 citizen complaint claim, and the Count 6 Title VI claim. Defendants also ask that the Court to award them attorney's fees and costs for bringing the Motion to Dismiss. Plaintiff, in addition to opposing the Motion to Dismiss, moves to amend the Complaint.

*1. Standards of Review*

Rule 12(b)(6) provides for dismissal of a cause of action if it fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See*

---

[7]The equal protection claim subsumes Plaintiff's claims of discrimination, a *de facto* discriminatory policy, legal egalitarianism, and profiling. It is notable that Plaintiff does not address these claims in Plaintiff [sic] Response: CITY DEFENDANTS' MOTION TO DISMISS NO [sic] IV: COUNT 5, CITIZEN COMPLAINT AND TITLE VI CLAIMS UNDER COUNT 6, AND ALL CLAIMS AGAINST CITY OF ALBUQUERQUE UNDER RULE 12(B)(6), OR IN THE ALTERNATIVE TO DISMISS COUNT 5, AND ALL CLAIMS AGAINST CITY OF ALBUQUERQUE, AND GRANT SUMMARY JUDGMENT ON CITIZEN COMPLAINT AND TITLE VI CLAIM OF COUNT 6 (Doc. No. 99)(Response) but simply responds to Defendants' equal protection arguments.

*Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009)(citations omitted). Finally, a *pro se* complaint is held to a less stringent standard than a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Summary judgment is appropriate under Rule 56 if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc.*

*v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

    2. *Count 5*

        a. *Equal Protection Claim*

Defendants argue that Plaintiff has failed to allege sufficient facts to support a plausible equal protection claim based on his race. Plaintiff asserts, however, that his equal protection claim is based not on his race but on a class of one. The United States Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The Tenth Circuit has held that to prevail on a class of one equal protection claim, a plaintiff must show (a) "that the action taken by the state, whether in the form of prosecution or otherwise, was a spiteful effort to 'get' [plaintiff] for reasons wholly unrelated to any legitimate state objective," and (b) that the plaintiff "was treated differently than another who is similarly situated." *Bartell v. Aurora Public Schools*, 263 F.3d 1143, 1149 (10th Cir. 2001)(internal quotations and citations omitted).

Viewing the allegations in the Complaint in Plaintiff's favor and as true, the Court determines that the Plaintiff has failed to allege sufficient facts to show that any of the Defendant officers' actions were "spiteful" and unrelated to their legitimate roles as law enforcement officers. Even if Plaintiff could successfully argue that the factual allegations indicate "spiteful"

conduct by the Defendant officers, Plaintiff does not allege sufficient facts to show that he was treated differently than similarly situated persons.  Plaintiff's allegation of a violation of the equal protection clause is simply conclusory and fails to rise above a speculative level.  Because Plaintiff has failed to state a plausible equal protection claim, that claim is subject to dismissal with prejudice under Rule 12(b)(6).

>        b. *Conspiracy Claim*

Defendants also argue that Plaintiff has failed to allege sufficient facts to support a plausible §1983 conspiracy claim.  In order for the §1983 conspiracy claim to survive a Rule 12(b)(6) motion to dismiss, Plaintiff must allege specific facts in his Complaint "tending to show agreement and concerted action" among the Defendant officers.  *See Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983).  All that Plaintiff has alleged is that "[t]hese people started plotting against me."  Complaint at 4 (page numbered 2).  Plaintiff does not specify who was plotting against him and has failed to allege any facts "tending to show agreement and concerted action" among the Defendant officers.  Certainly, Plaintiff's allegation of a conspiracy falls short of constituting a plausible claim for relief and is merely speculative in nature.  Consequently, the §1983 conspiracy claim raised in Count 5 should likewise be dismissed with prejudice.  In sum, Count 5 is subject to dismissal with prejudice.

>    3. *Claims Against Defendant City of Albuquerque*

Defendants further argue that any claims against Defendant City of Albuquerque should be dismissed with prejudice under Rule 12(b)(6).  The Defendants correctly observe that Defendant City of Albuquerque is only named as a Defendant in the caption; Defendant City of Albuquerque is not mentioned anywhere in the body of the Complaint and is not specifically

8

alleged to have engaged in any conduct which may subject it to liability.[8]  A Rule 12(b)(6) dismissal is appropriate when a complaint merely identifies a defendant in the caption "and sets forth no allegations of misconduct specific to them." *See Dwire v. Toth*, 215 F.Supp.2d 1128, 1130 (D. Colo. 2002)(quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)).  All claims against the Defendant City of Albuquerque should, therefore, be dismissed but the dismissal should be without prejudice because the Court is not ruling on the merits of any claim against Defendant City of Albuquerque.

    *4. Count 6 Claims*

        *a. Citizen Complaint Claim*

Defendants assert next that the citizen complaint claim is subject to summary judgment under Rule 56 because Plaintiff has failed to show that the citizen complaint process is inadequate.  There are two components to the citizen complaint claim.  First, Plaintiff maintains that the 90 day period to file a citizen complaint is unfair, especially to inmates.  Second, Plaintiff alleges that employees who process citizen complaints have sometimes grabbed him.

With respect to the first component, the Court is concerned that Plaintiff simply does not have standing to complain that the 90 day period is unfair. Perhaps the most important of the jurisdictional doctrines is that of standing.  *Schaffer v. Clinton*, 240 F.3d 878, 882 (10th Cir.),

---

[8]Plaintiff attempts to allege in his Response that Defendant City of Albuquerque is liable under his conspiracy claim.  A party, however, cannot supplement or amend a complaint in a brief.  *See, e.g., Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003)("plaintiff may not rely on the allegations in his reply brief to supplement his complaint...."); *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057 (7th Cir. 1988)("assertions contained only in the briefs may not be used to expand the allegations of the complaint."); *Coleman v. Keebler Co.*, 997 F.Supp. 1094, 1101 (N.D. Ind. 1998)("it is well-settled that the Plaintiff cannot amend her complaint with a later filed brief in opposition to a summary judgment motion.").  Hence, the Court will not consider the alleged conspiracy claim against the Defendant City of Albuquerque.

*cert. denied*, 534 U.S. 992 (2001)(citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230 (1990)). In fact, the Court is "obliged to consider [standing] *sua sponte* to ensure the existence of an Article II case or controversy." *Dias v. City and County of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009). The plaintiff bears the burden of establishing standing. *Schaffer*, 240 F.3d at 883 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)). The elements of standing are as follows:

> First, the plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Schaffer*, 240 F.3d at 882 (quoting *United States v. Hays*, 515 U.S. 737, 742-43 (1995)). "In its starkest terms, the standing inquiry requires the Court to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts." *Id*. at 883. It is well-settled "that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)(citations omitted).

Plaintiff does not allege in the Complaint or in his Response that he was unable to timely file a citizen complaint regarding the two incidents at issue in this case, or regarding any other incident. In fact, Plaintiff timely filed a citizen complaint concerning the actions of Defendant Maurx. *See* Ex. 1 (Doc. No. 88-1)(citizen complaint received at APD the day after the incident with Defendant Maurx occurred). To the extent Plaintiff seeks prospective relief, i.e., the ability to in the future file a citizen complaint outside of the 90 day period, he can only do so by alleging a continuing injury. *Dias*, 567 F.3d at 1176-77. Plaintiff has not done so. Plaintiff has simply not carried his heavy burden of establishing standing to bring the citizen complaint claim concerning the 90 day period to file a citizen complaint. The Court, therefore, does not have

jurisdiction over that claim and the claim will be dismissed without prejudice.

The other component of the citizen complaint claim concerns the allegation that employees sometimes grabbed Plaintiff. Defendants contend that the evidence in the record simply does not show that the citizen complaint process is handled in such an aggressive manner. Defendants, in fact, note that the process gives the complainant the option of mailing the complaint and avoiding contact with employees. *See* Ex. 1 at 1. The Court also observes that Plaintiff does not provide any specific details about when or where the grabbing occurred, and who engaged in this conduct. Plaintiff's failure to demonstrate a genuine issue of material fact as to the grabbing component of the citizen complaint claim justifies granting summary judgment on that claim in Defendants' favor.

Additionally, Plaintiff does not respond to Defendants' contentions about the grabbing. The Court construes this failure to respond in two ways. First, the failure to respond can be viewed as a waiver or abandonment of this component of the citizen complaint claim. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 615 (7th Cir. 2005)(claim waived when plaintiff "did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss...."); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)(Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases...."); *Chappey v. Ineos USA LLC*, ___ F.Supp.3d ___, 2009 WL 790194 *3 (N.D. Ind.)("Chappey does not respond to these arguments in her response memorandum, and has therefore abandoned the claim."); *Richardson v. St. Phillips College*, 2008 WL 5273296 *1 (W.D. Tex.)(unpublished decision)("Richardson effectively abandoned his claim under the Equal Pay Act by failing to address ACCD's argument in his response."); *Palmer v. United Government of Wyandotte County/Kansas City, Kansas*, 72 F.Supp.2d 1237, 1251 (D. Kan.

11

1999)(claim deemed abandoned when plaintiff did not respond to defendants' arguments in favor of summary judgment on that claim). Second, the Court can view the failure to respond as Plaintiff's consent to the dismissal of that component of the citizen complaint claim. *See* D.N.M. LR-Cv 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); *Dwire v. Toth*, 64 Fed. Appx. 668, 670 (10th Cir. 2003)(unpublished decision)(failure to respond to motion to dismiss in effect constituted consent that claim had no merit). Whether the grabbing component of the citizen complaint claim is deemed waived, abandoned, or consented to, any one of those actions is sufficient to support dismissing that component of the citizen complaint claim with prejudice.

### b. Title VI Claim

Next, Defendants assert that summary judgment is appropriate with respect to the Title VI claim. Title VI provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. §2000d. The Court assumes for the sake of argument that the citizen complaint program receives federal financial assistance of some kind. Nonetheless, Defendants correctly conclude that the Title VI claim is subject to summary judgment. First, there is no allegation in the Complaint and there is no evidence in the record showing that Plaintiff was excluded from participating in or enjoying the benefits of the citizen complaint process due to race, color, or national origin discrimination. Second, the Citizen Police Complaint Form at 1 clearly states to all complainants: "Your complaint may be investigated by the Independent Review Officer *or* assigned to APD's Internal Affairs Unit for investigation." Ex. 1 (Doc. No. 88-1). Therefore,

the fact that the Internal Affairs Unit did not investigate Plaintiff's citizen complaint is not indicative of a violation of Title VI.  Third, Plaintiff has not presented any allegation or evidence that the Internal Affairs Unit is somehow superior to the IRO when it comes to hearing citizen complaints.  Viewing the minimal record evidence in the light most favorable to Plaintiff, the Court determines that Plaintiff has failed to show that a genuine issue of material fact exists as to the Title VI claim.  Summary judgment should, therefore, be granted on Plaintiff's Title VI claim.

*5. Defendants' Request for an Award of Attorney's Fees and Costs*

Defendants also contend that if they prevail on the Motion to Dismiss, the Court should award them attorney's fees and costs for bringing the Motion to Dismiss.  As the Court has previously noted, Plaintiff's *pro se* and *informa pauperis* status weigh heavily against an award of attorney's fees and costs.  Defendants' request for an award of attorney's fees and costs will, therefore, be denied.

*6. Plaintiff's Requests to Amend the Complaint*

In addition, Plaintiff requests in his Response that the Court allow him to amend the Complaint to avoid the dismissal of the claims which are the subject of this Motion to Dismiss.  Plaintiff does not provide any specific details as to how he would amend the Complaint.  Moreover, Plaintiff's request to amend is untimely.  The December 4, 2009 deadline for Plaintiff to amend the Complaint and to add parties has long since expired.  *See* Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines (Doc. No. 46), filed Nov. 6, 2009.  Consequently, the request to amend the Complaint will be denied.

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. No. 87) is granted in that:

1. Count 5 of the Complaint will be dismissed with prejudice;

2. all claims against Defendant City of Albuquerque will be dismissed without prejudice;

3. the citizen complaint claim under Count 6 of the Complaint which regards the 90 day period to file a citizen complaint will be dismissed without prejudice;

4. the citizen complaint claim under Count 6 of the Complaint which regards employees grabbing Plaintiff will be dismissed with prejudice;

5. summary judgment will be entered on the Title VI claim under Count 6 of the Complaint;

6. Defendants' request for an award of attorney's fees and costs is denied; and

7. Plaintiff's request to amend the Complaint is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE