IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

    Plaintiff,

vs.                                                                   Civ. No. 08-1131 JP/ACT

L. KELLY, S. TORRES,
ALBUQUERQUE POLICE DEPARTMENT,
SGT. HOPPE, SGT. N. SANCHEZ, CITY
OF ALBUQUERQUE, Y. MAURX, and
SGT. KENNY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 30, 2010, Defendants L. Kelly, S. Torres, Albuquerque Police Department (APD), City of Albuquerque, and Y. Maurx (collectively, Defendants) filed City Defendants' Motion to Dismiss V: Negligence and Gross Negligence Claims Under Count 1B; Excessive Charges Claim Under Count 1B, Claims Under Federal Criminal Statutes in Counts 1B and 2; Defamations Claims Under Count 2 (Doc. No. 92)(Motion to Dismiss). Having reviewed the briefs and relevant law, the Court concludes that the Motion to Dismiss should be granted; Defendants' request for an award of attorney's fees and costs should be denied; and that Plaintiff's request to amend the Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (Doc. No. 1)(Complaint) should be denied.

A. *Background*

    1. *Factual Bases for Claims*

Plaintiff's Complaint is based on two separate incidents involving APD Officers. The first incident occurred on September 1, 2008 and involved Defendants Kelly and Torres, APD

officers. Defendants Kelly and Torres had stopped to speak to two females and Plaintiff who were sitting on the corner of a street. One of the females was highly intoxicated. At one point during the encounter Plaintiff allegedly commented to one of the officers: "I don't mind that a cute officer is standing by my bike." Criminal Complaint (attached to Complaint). The incident apparently escalated and the two females left the area. Defendant Kelly, however, arrested Plaintiff and charged him in a Criminal Complaint with disorderly conduct, assault on a police officer, and obstructing an officer. *Id*. Defendant Sgt. Sanchez approved the Criminal Complaint. *Id*. Plaintiff was jailed 56 days as a result of this incident. Then, on October 20, 2008, the Metropolitan Court Judge dismissed the charges because Defendant Kelly arrived at court late.

On November 25, 2008, the date of the second incident, Plaintiff was riding as a passenger in a van. Defendant Maurx, an APD officer, stopped the van for not having a license plate lamp. A ride-along person accompanied Defendant Maurx.[1] During the course of the stop, Plaintiff produced a New Mexico driver's license and a Utah driver's license.[2] Defendant Maurx was able to verify the New Mexico driver's license through the New Mexico Motor Vehicle Division but was unable to verify the Utah driver's license through a National Crime Information Center (NCIC) check. Defendant Maurx returned the New Mexico driver's license to Plaintiff but kept the Utah driver's license. Defendant Maurx informed Plaintiff that he could retrieve the Utah driver's license from the police department evidence unit if it was indeed a

---

[1]During the June 10, 2010 pretrial conference the Court asked for the identity of the ride-along person and subsequently counsel advised that he is Michael Johnson.

[2]Although the parties refer to a Utah "driver's license," Plaintiff explained at the June 10, 2010 pretrial conference that it really was an identification card. For the sake of consistency, the Court will continue to refer to a Utah "driver's license."

valid license. Plaintiff was later unable to retrieve the Utah driver's license from the evidence unit.

Also during the course of the stop, Plaintiff was patted down and produced two box cutters from his pocket. Plaintiff admits that the patdown was necessary for officer safety. Defendant Maurx did not immediately return the box cutters to Plaintiff because, according to Defendant Maurx, Plaintiff was acting aggressively. Defendant Maurx informed Plaintiff that he could retrieve the box cutters from the evidence unit. Defendant Maurx then allowed Plaintiff to leave the scene. Plaintiff ultimately retrieved the box cutters from the evidence unit.

The day after the November 25, 2008 incident, Plaintiff filed a citizen complaint with APD concerning Defendant Maurx's conduct. On February 12, 2009, an APD Internal Affairs Lieutenant completed a review of the citizen complaint, and on March 5, 2009, the Independent Review Officer (IRO) for the Police Oversight Commission (POC) made findings and conclusions regarding whether Defendant Maurx violated any Standard Operating Procedures (SOPs).[3] Plaintiff did not appeal the IRO's decision.

*2. Count 1B*

Count 1B is entitled: "**False Imprisonment, False Charge PC §245:, malicious prosecution, negligence and gross negligence, Excessive charges**, Title 18, United Staes Code (U.S.C.), Section 241 (Conspiracy Against Rights); Title 18, U.S.C., Section 242 (Deprivation of Rights Under Color of Law...." Complaint at 3 (numbered pg. 1). Plaintiff alleges in Count 1B that Defendant Kelly made false statements which lead to the false imprisonment of Plaintiff.

---

[3]The IRO exonerated Defendant Maurx on two issues and determined that "[t]here is no SOP that addresses how a ride along must behave while accompanying an on-duty officer; however, the civilian has no authority to act as a policeman, and his permission to assist in any circumstances is quite limited." Ex. 3 at 3 (Doc. No. 88-3)(sealed).

Plaintiff also alleges that Defendant Torres assisted Defendant Kelly. Plaintiff's excessive charges allegation is apparently based on his contention that his actions during the September 1, 2008 incident amounted to only "infractions not misdemeanors." Complaint at 2 (numbered pg. 2). Finally, Plaintiff seems to allege that there was a failure to prosecute him after 56 days of, presumably, incarceration following the September 1, 2008 incident.

   *3. Count 2*

Count 2 is entitled: "**False Light, libel, defamatory** Title 18, U.S.C., Section 1001 (False Statements of Entries Generally); Slander." Complaint at 3 (numbered pg. 1). Plaintiff alleges that Defendants Kelly and Maurx "are creating a pattern that sheds false-light." *Id*. Plaintiff further alleges that as a result of his arrest record he is now falsely "labeled as a person who assaults officer." *Id*. Plaintiff contends that the arrest record will cause police officers to be hostile towards him and will adversely affect his future employment prospects.

*B. Discussion*

Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss with prejudice the negligence and gross negligence claims under Count 1B, the excessive charges claim under Count 1B, the claims under Counts 1B and 2 that invoke federal criminal statutes, and the defamation related claims under Count 2 to the extent that they are pled as §1983 claims. Defendants also move for an award of attorney's fees and costs for bringing the Motion to Dismiss. Plaintiff, in addition to opposing the Motion to Dismiss, requests that the Court allow him to amend the Complaint instead of granting the Motion to Dismiss.

   *1. Preliminary Matters*

Plaintiff, in his response (Doc. No. 100) to the Motion to Dismiss, attempts to supplement or amend Counts 1B and 2 by alleging a conspiracy claim, a free speech claim, a

4

Fourth Amendment claim, and an equal protection claim. A party cannot supplement or amend a complaint in a brief. *See, e.g., Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003)("plaintiff may not rely on the allegations in his reply brief to supplement his complaint...."); *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057 (7th Cir. 1988)("assertions contained only in the briefs may not be used to expand the allegations of the complaint."); *Coleman v. Keebler Co.*, 997 F.Supp. 1094, 1101 (N.D. Ind. 1998)("it is well-settled that the Plaintiff cannot amend her complaint with a later filed brief in opposition to a summary judgment motion."). Hence, the Court will not consider the purported conspiracy claim, free speech claim, Fourth Amendment claim, and equal protection claim.

Next, Defendants note that Plaintiff's response is untimely and as such constitutes Plaintiff's consent to the granting of the Motion to Dismiss. *See* D.N.M. LR-Civ. 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Plaintiff's response is, however, only two days late. *See* D.N.M. LR-Civ. 7.4(a)(fourteen days to file and serve a response after service of a motion); Fed. R. Civ. P. 6(d)(three days added to the response time period). The Court notes that on May 14, 2010, prior to the deadline for filing and serving his response to the Motion to Dismiss, Plaintiff requested an extension of time in which to respond to three of Defendants' dispositive motion, including, presumably this Motion to Dismiss. *See* Plaintiff['s] Response: City Defendants' Motion to Dismiss No[.] IV: Count 5, Citizen Complaint and Title VI Claims Under Count 6, and All Claims Against City of Albuquerque Under Rule 12(B)(6), or in the Alternative to Dismiss Count 5, and All Claims Against City of Albuquerque, and Grant Summary Judgment on Citizen Complaint and Title VI Claim of Count 6 (Doc. No. 99) at 5. Defendants did not, at that time, oppose the request to extend the response deadline. In fact, the

Court subsequently granted Plaintiff's request to extend the deadline to respond to City Defendants' Motion for Partial Summary Judgment I: Qualified Immunity on Malicious Prosecution and Unlawful Arrest Claims Under Count 1B (Doc. No. 93). *See* Order Extending Time to Respond (Doc. No. 110), filed June 10, 2010. Considering the lack of opposition to the request to extend the response deadline, Plaintiff's *pro se* status, and his previous request to obtain leave of the Court to extend the time to respond to this Motion to Dismiss, the Court will accept the Plaintiff's response and not deem its untimeliness as consent to grant the Motion to Dismiss.

*2. Standard of Review*

Rule 12(b)(6) provides for dismissal of a cause of action if it fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009)(citations omitted). Finally, a *pro se* complaint is held to a less stringent standard than a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

     *3. Negligence Claims Under Count 1B*

Defendants argue first that the negligence claims raised under Count 1B are subject to dismissal because they do not state §1983 claims.[4] Defendants are correct. "[A] negligent act by a state official does not give rise to §1983 liability." *Zinermon v. Burch*, 494 U.S. 113, 129 n.14 (1990)(citing *Daniels v. Williams*, 474 U.S. 327, 336 (1986)). The negligence claims will, therefore, be dismissed with prejudice for not stating plausible §1983 claims.

     *4. Excessive Charges Claim Under Count 1B*

Defendants argue next that the excessive charges claim is not actionable under §1983 because Plaintiff fails to allege in the Complaint what constitutional right or federal statute was violated when Defendant Kelly charged him with misdemeanor crimes. Plaintiff responds that the excessive charges claim violates the Eighth Amendment's ban against cruel and unusual punishment. Specifically, Plaintiff seems to assert that the punishment associated with the misdemeanor crimes Defendant Kelly charged him with was disproportionate to his actions.

The Eighth Amendment, in fact, "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." *Solem v. Helm*, 463 U.S. 277, 284 (1983). However, "[a] gross disproportionality principle is applicable [only] to sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Misdemeanor sentences by

---

[4]The Court notes that the title of the Complaint refers only to a lawsuit brought under §1983, that Defendants treat the negligence and excessive charge claims as having been brought only under §1983, and that Plaintiff does not in his Response characterize those claims as state tort claims. Consequently, the Court assumes that Plaintiff brings those claims only under §1983.

7

definition do not exceed a year of incarceration. NMSA 1978, §30-1-6(B)(1963). Consequently, Plaintiff has not stated a plausible Eighth Amendment claim subject to suit under §1983. The excessive charges claim will be dismissed with prejudice.

    *5. 18 U.S.C. §§241, 242, and 1001: Federal Criminal Statutes*

Next, Defendants rightly contend that Plaintiff does not state a plausible civil action claim under the federal criminal statutes he cites in the Complaint. Civil remedies are simply not available under §§241 and 242. *Barr v. Camelot Forest Conservation Ass'n, Inc.*, 153 Fed. Appx. 860, 861 (3rd Cir. 2005)(unpublished decision); *Bonadeo v. Lujan*, ___ F.Supp.2d ___, 2009 WL 1324153 *11 (D.N.M.). Additionally, §1001 applies only to federal employees who make false statements or rely on fraudulent documents. *Malone v. City of New York*, 2006 WL 2524197 *11 (E.D. N.Y.)(unpublished decision). Clearly, Plaintiff has not alleged plausible claims under either §§241, 241, or 1001. Those claims will, therefore, be dismissed with prejudice.

    *6. §1983 Defamation Claims Under Count 2*

Defendants concede that Plaintiff's allegation that his reputation was injured when Defendants Kelly and Maurx supposedly committed the torts of false light, libel, defamation, and slander is typically the basis for state tort claims. Defendants, however, assert that defamation type claims which allege injury to reputation are not legally cognizable under §1983 and therefore, are subject to dismissal with prejudice. More specifically, Defendants contend that Plaintiff's interest in his reputation is not an interest protected by the Fourteenth Amendment's due process clause. The Fourteenth Amendment provides that citizens may not be deprived of life, liberty, or property interests without due process of law.

8

The United States Supreme Court case, *Paul v. Davis*, 424 U.S. 693 (1976), is instructional in this situation. In *Paul*, the local sheriff distributed a flyer to merchants indicating persons who had been arrested for shoplifting. *Id*. at 695. Plaintiff's name was on the flyer because he had been arrested for shoplifting. *Id*. Although plaintiff had been arrested for shoplifting, he had never been convicted of the offense. *Id*. Consequently, plaintiff filed a §1983 complaint alleging, among other things, that the sheriff injured plaintiff's reputation because the unfounded label of "shoplifter" would inhibit him from entering businesses and would seriously impair his future employment opportunities. *Id*. at 696. The United States Supreme Court analyzed whether plaintiff's interest in his reputation is an interest protected by the Fourteenth Amendment due process clause. The United States Supreme Court noted that state law, in this case the law of Kentucky, did not legally guarantee plaintiff the enjoyment of reputation. *Id*. at 711-12. The United States Supreme Court then went on to state:

> [Plaintiff's] interest in reputation is simply one of a number which the State may protect against by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any "liberty" or "property" recognized by state or federal law, nor has it worked any change of [plaintiff's] status as theretofore recognized under the State's laws. For these reasons we hold that the interest in reputation asserted in this case is neither "liberty" nor "property" guaranteed against state deprivation without due process of law.

*Id*. at 712.

*Paul* is similar to this case in several ways. First, Plaintiff has failed to allege that the State of New Mexico recognizes and protects any kind of right or guarantee to reputation. Second, Plaintiff, like the plaintiff in *Paul,* is concerned with the effect of an arrest record on future employment opportunities. Third, as Defendants admit, Plaintiff, like the *Paul* plaintiff, has state tort law remedies available to vindicate his loss of reputation. Applying the principles set out in *Paul* to this analogous case, the Court concludes that Plaintiff's interest in reputation is

9

not an interest protected by the Fourteenth Amendment due process clause. *See also Webster v. Redmond*, 599 F.2d 793, 798 n.6 (7th Cir. 1979)("publication of an official act such as an arrest does not itself give rise to a meritorious due process claim." (citing *Paul*, 424 U.S. at 712-13); *Watt v. Minneapolis Minn.*, 2007 WL 1114334 *4 (D. Minn.)(unpublished decision)("the federal Constitution does not prohibit states or municipalities from maintaining arrest records."). Consequently, to the extent that Plaintiff brings the defamation claims under §1983, those claims will be dismissed with prejudice for failure to state plausible §1983 claims.

*7. Defendants' Request for an Award of Attorney's Fees and Costs*

Defendants further contend that if they prevail on the Motion to Dismiss, the Court should award them attorney's fees and costs for bringing the Motion to Dismiss. As the Court has previously observed, Plaintiff's *pro se* and *informa pauperis* status weigh heavily against an award of attorney's fees and costs. Defendants' request for an award of attorney's fees and costs will, therefore, be denied.

*8. Plaintiff's Request to Amend the Complaint*

In addition, Plaintiff requests in his Response that the Court allow him to amend the Complaint to avoid the dismissal of the claims which are the subject of this Motion to Dismiss. Plaintiff does not provide any specific details as to how he would amend the Complaint. Moreover, Plaintiff's request to amend is untimely. The December 4, 2009 deadline for Plaintiff to amend the Complaint and to add parties has long since expired. *See* Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines (Doc. No. 46), filed Nov. 6, 2009. Hence, the request to amend the Complaint will be denied.

IT IS ORDERED that City Defendants' Motion to Dismiss V: Negligence and Gross Negligence Claims Under Count 1B; Excessive Charges Claim Under Count 1B, Claims Under Federal Criminal Statutes in Counts 1B and 2; Defamations Claims Under Count 2 (Doc. No. 92) is granted in that:

1. the claims for negligence, gross negligence, and excessive charges under Count 1B will be dismissed with prejudice;

2. the 18 U.S.C. §§241, 242, and 1001 claims will be dismissed with prejudice;

3. the claims for false light, libel, defamation, and slander under Count 2 will be dismissed with prejudice to the extent these claims are pled under §1983;

4. Defendants' request for an award of attorney's fees and request is denied; and

5. Plaintiff's request to amend the Complaint is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE