IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRIGINAL D. JACKSON,

    Plaintiff,

vs.                                                               Civ. No. 08-1131 JP/ACT

L. KELLY, S. TORRES,
ALBUQUERQUE POLICE DEPARTMENT,
SGT. HOPPE, SGT. N. SANCHEZ, CITY
OF ALBUQUERQUE, Y. MAURX, and
SGT. KENNY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 21, 2010, Defendant Y. Maurx (Defendant) filed Defendant Yoki Maurx's Motion to Dismiss Counts 3 and 4 for Failure to State a Claim, or in the Alternative, Motion for Partial Summary Judgment on Counts 3 and 4 of Complaint (Doc. No. 86)(Motion to Dismiss or for Partial Summary Judgment). Having reviewed the briefs and relevant law, the Court concludes that Defendant's Motion to Dismiss or for Partial Summary Judgment should be granted; that Counts 3 and 4 of the Civil Rights Complaint Pursuant to 42 U.S.C. §1983 (Doc. No. 1)(Complaint) should be dismissed with prejudice; that Defendant's request for an award of attorney's fees and costs should be denied; and that Plaintiff's requests to amend the Complaint should be denied.

A. *Background*

    *1. Factual Bases for Counts 3 and 4*

On November 25, 2008, Plaintiff was riding as a passenger in a van. Defendant, an Albuquerque police officer, stopped the van for not having a license plate lamp. A ride-along

person accompanied Defendant.[1]

During the course of the stop, Plaintiff produced a New Mexico driver's license and a Utah driver's license.[2] Defendant was able to verify the New Mexico driver's license through the New Mexico Motor Vehicle Division but was unable to verify the Utah driver's license through a National Crime Information Center (NCIC) check. Defendant returned the New Mexico driver's license to Plaintiff but kept the Utah driver's license. Defendant informed Plaintiff that he could retrieve the Utah driver's license from the police department evidence unit if it was indeed a valid license. Plaintiff was later unable to retrieve the Utah driver's license from the evidence unit.

Also during the course of the stop, Plaintiff was patted down and Plaintiff produced two box cutters from his pocket. Plaintiff admits that the patdown was necessary for officer safety. Defendant did not immediately return the box cutters to Plaintiff because, according to Defendant, Plaintiff was acting aggressively. Defendant informed Plaintiff that he could likewise retrieve the box cutters from the evidence unit. Defendant then allowed Plaintiff to leave the scene. Plaintiff ultimately retrieved the box cutters from the evidence unit.

2. *Counts 3 and 4 of the Complaint*

Count 3 is based on "due process, clause of the 14th, 4th Amend Search and Due Process." Complaint at 3 (page numbered 1). Plaintiff contends that Defendant "used deceit to steal [his] property. An unlawful detention an[d] illegal confiscation of property would be abuse of power." *Id*.

---

[1] During the June 10, 2010 pretrial conference the Court asked for the identity of the ride-along person and subsequently counsel advised that he is Michael Johnson.

[2] Although the parties refer to a Utah "driver's license," Plaintiff explained at the June 10, 2010 pretrial conference that it really was an identification card. For the sake of consistency, the Court will continue to refer to a Utah "driver's license."

Count 4 is based on "Due Process: invasion **of privacy**." *Id*. Plaintiff asserts Defendant's taking of the Utah driver's license and the box cutters denied him "fundamental procedural fairness" and that Defendant exercised "power without any reasonable justification in the service of a legitimate governmental objective." *Id*. Plaintiff further asserts that the Fifth Amendment of the United States Constitution was violated because private property should not be taken for public use without just compensation. Plaintiff notes in Count 4 that Defendant took his property because he claimed that "he feared [Plaintiff]." *Id*. at 4 (page numbered 2).

*B. Discussion*

Defendant moves to dismiss Counts 3 and 4 under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56. Defendant further moves for an award of attorney's fees and costs incurred in bringing the Motion to Dismiss or for Partial Summary Judgment. In addition to opposing most of the Motion to Dismiss or Partial Summary Judgment, Plaintiff requests that the Court allow him to amend the Complaint or file a new lawsuit against the ride-along person, now identified as Michael Johnson.

As an initial matter, the Court observes that Plaintiff attempts to supplement or amend Counts 3 and 4 in Plaintiff [sic] Response to Motion for Dismissal Filed 4/21/2010 (Doc. No. 91)(Response) at unnumbered page 4 by alleging that Defendant also violated the First, Sixth, and Eighth Amendments of the United States Constitution, and that he was engaged in a conspiracy. A party cannot supplement or amend a complaint in a brief. *See, e.g., Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003)("plaintiff may not rely on the allegations in his reply brief to supplement his complaint...."); *Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057 (7th Cir. 1988)("assertions contained only in the briefs may not be used to expand the allegations of the complaint."); *Coleman v. Keebler Co.*, 997 F.Supp. 1094, 1101 (N.D. Ind. 1998)("it is well-settled that the Plaintiff cannot amend her complaint with a later filed brief in

opposition to a summary judgment motion."). Hence, the Court will not consider the alleged First, Sixth, and Eighth Amendment violations and will not consider the conspiracy claim.

### 1. *Standards of Review*

Rule 12(b)(6) provides for dismissal of a cause of action if it fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009)(citations omitted). Finally, a *pro se* complaint is held to a less stringent standard than a pleading drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Summary judgment is appropriate under Rule 56 if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the

4

light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

    2. *Fourth Amendment Claim*[3]

Defendant argues that Plaintiff's Fourth Amendment claim is subject to dismissal under either Rule 12(b)(6) or Rule 56. Interestingly, the Plaintiff does not contest this particular argument in his Response. The Court construes this failure to respond in two ways. First, the failure to respond can be viewed as a waiver or abandonment of the Fourth Amendment claim. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 615 (7th Cir. 2005)(claim waived when plaintiff "did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss...."); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)(Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases...."); *Chappey v. Ineos USA LLC*, ___ F.Supp.3d ___, 2009 WL 790194 *3 (N.D. Ind.)("Chappey does not respond to these arguments in her response memorandum, and has

---

[3]Because Counts 3 and 4 each contain multiple claims as well as some overlapping claims, the Court will examine each claim separately instead of examining each Count individually.

5

therefore abandoned the claim."); *Richardson v. St. Phillips College*, 2008 WL 5273296 *1 (W.D. Tex.)(unpublished decision)("Richardson effectively abandoned his claim under the Equal Pay Act by failing to address ACCD's argument in his response."); *Palmer v. United Government of Wyandotte County/Kansas City, Kansas*, 72 F.Supp.2d 1237, 1251 (D. Kan. 1999)(claim deemed abandoned when plaintiff did not respond to defendants' arguments in favor of summary judgment on that claim). Second, the Court can view the failure to respond as Plaintiff's consent to the dismissal of the Fourth Amendment claim. *See* D.N.M. LR-Civ. 7.1(b)("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."); *Dwire v. Toth*, 64 Fed. Appx. 668, 670 (10th Cir. 2003)(unpublished decision)(failure to respond to motion to dismiss in effect constituted consent that claim had no merit). Whether the Fourth Amendment claim is deemed waived, abandoned, or consented to, any one of those actions is sufficient to support dismissing the Fourth Amendment claim with prejudice.

*3. Fifth Amendment Claim*

Neither Defendant nor Plaintiff address the Fifth Amendment unlawful takings claim. Nonetheless, the Court can *sua sponte* grant summary judgment on a claim "if 'the losing party was on notice that [he] had to come forward with all of [his] evidence.'" *Ward v. Utah*, 398 F.3d 1239, 1245 (10th Cir. 2005)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *Scull v. New Mexico*, 236 F.3d 588, 600-01 (10th Cir. 2000). In this case, the Plaintiff had notice to come forward with evidence because the Motion to Dismiss or for Partial Summary Judgment clearly states the standard for summary judgment. *See Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006)(where a Rule 12(b)(6) motion to dismiss is also alternatively a Rule 56 motion for summary judgment, the plaintiff has explicit notice that the court can convert the motion to dismiss to a motion for summary judgment).

The just compensation clause of the Fifth Amendment states: "[P]rivate property [shall not] be taken for public use, without just compensation." A party bringing a challenge based on this provision "bears a substantial burden." *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 718 (10th Cir. 2004)(quotation omitted). "[M]ere possession" of property by the government, however, does not *ipso facto* show that a taking has occurred for Fifth Amendment purposes. *Porter v. U.S.*, 473 F.2d 1329, 1335 (5th Cir. 1973). A Fifth Amendment taking requires that the government manifest an intent to permanently appropriate the property. *Id*. at 1335-36.

Here, the undisputed facts, when viewed in Plaintiff's favor, indicate that he received the box cutters from the evidence unit. Clearly, the government did not intend to permanently keep the box cutters. *See Palmer*, 72 F.Supp.2d at 1251 (takings claim was "untenable" because confiscated gun had been released to plaintiff). Moreover, Plaintiff has not presented any facts to suggest that the government intends to permanently keep the Utah driver's license if, as Plaintiff claims, it is in fact valid. The Court further notes that the takings clause applies to private property taken for "public use." There is no indication that the Utah driver's license, if valid or otherwise, would be kept in any way for a "public use." Finally, Defendant only temporarily held Plaintiff's property before turning over possession of that property to the evidence unit which was ultimately responsible for keeping the property. It is, therefore, questionable whether Defendant is the proper party to sue under the Fifth Amendment takings clause. In sum, Plaintiff has failed to carry his substantial burden of showing that there is a genuine issue of material fact regarding the Fifth Amendment claim or that, as a matter of law, he has a viable Fifth Amendment claim against Defendant. Hence, Defendant is entitled to summary judgment on the Fifth Amendment claim.

*4. Due Process Invasion of Privacy Claim*

Defendant further argues that the due process invasion of privacy claim is subject to dismissal under Rule 12(b)(6). Like his failure to mention in his response the Fourth Amendment claim, Plaintiff does not respond to Defendant's arguments for dismissing the due process invasion of privacy claim. Consequently, the Court determines that the Plaintiff either abandoned or waived that claim, or consented to its dismissal under Rule 12(b)(6). The Court will, therefore, dismiss the due process invasion of privacy claim with prejudice.

*5. Fourteenth Amendment Substantive Due Process Claim*

Next, Defendant asserts that any substantive due process claim brought under the Fourteenth Amendment should be dismissed under Rule 12(b)(6). The due process clause of the Fourteenth Amendment provides that no state will "deprive any person of life, liberty, or property, without due process of law...." Nonetheless, "the due process clause is not a guarantee against incorrect or ill-advised government decisions." *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1222 (10th Cir. 2006)(internal punctuation omitted). The Tenth Circuit has stated the following with respect to substantive due process:

> An arbitrary deprivation of an individual's property right can violate the substantive component of the Due Process clause of the Fourteenth Amendment. Any substantive due process claim must represent "more than an ordinary tort to be actionable under §1983," and must "shock the conscience." To reach that level, the government action must be deliberate, rather than merely negligent.

*Clark v. City of Draper*, 168 F.3d 1185, 1190 (10th Cir. 1999)(citations omitted). In other words, the arbitrariness of the decision must be extreme in order to violate substantive due process. *Camuglia*, 448 F.3d at 1222. To satisfy the "shock the conscience" standard, the plaintiff must "'demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking.'" *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998)(quoting *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995)). The level of

8

outrageousness must necessarily be high. *Camuglia*, 448 F.3d at 1223. In addition, "'where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998)(quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)).

In this case, the Plaintiff alleges in Counts 3 and 4 that Defendant "used deceit to steal [his] property" and that Defendant took the box cutters because he claimed that "he feared" Plaintiff. Complaint at 3-4 (pages numbered 1-2). In construing these allegations as true and in the light most favorable to Plaintiff, the Court believes that Plaintiff is asserting that Defendant was not really afraid of Plaintiff but unlawfully took his property under the pretext of officer safety. The Court notes, however, that Plaintiff does not allege in the Complaint any facts to support his conclusory assertions that Defendant deliberately, as opposed to negligently, took his property in an unlawful manner or that Defendant should not have been concerned for his safety in light of the potential dangerousness of the box cutters. Even if Plaintiff's allegation that Defendant "stole" his property under a false officer safety pretext might demonstrate that Defendant arbitrarily kept Plaintiff's property, that allegation does not support a reasonable inference that Defendant engaged in "extreme" arbitrary conduct. Furthermore, Plaintiff's allegation simply does not rise to a "shock the conscience" level or a high degree of outrageousness. Finally, the Fourth Amendment, the more explicit constitutional amendment regarding the seizure of property, supercedes the more generalized substantive due process claim. As discussed above, Plaintiff has failed to pursue his Fourth Amendment claim. Plaintiff simply fails to state a plausible substantive due process claim. Consequently, that claim will be dismissed with prejudice.

*6. Fourteenth Amendment Procedural Due Process Claim*

Defendant also argues that any procedural due process claim brought under the Fourteenth Amendment is subject to a Rule 12(b)(6) dismissal. In circumstances similar to the one alleged by Plaintiff in this case, the United States Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."[4] *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The plaintiff has the burden of pleading and proving that state processes and state damage remedies are inadequate to redress the deprivation of property. *See Gillihan v. Shillinger*, 872 F.2d 935, 940 (10th Cir. 1989); *Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983).

In this situation, Plaintiff has not alleged anywhere in the Complaint facts which would show that there was not a meaningful post-deprivation remedy available to him to recover his property. In other words, the Court would have to engage in speculation to conclude that Plaintiff alleged a procedural due process claim. Speculation, however, does not rise to the level of plausibility needed for the Plaintiff to state a procedural due process claim. The Court, therefore, determines that any procedural due process claim that Plaintiff may be attempting to assert in Counts 3 and 4 should be dismissed with prejudice for failure to state a claim upon

---

[4]On the other hand, if the alleged deprivation "is not random and unauthorized, but is pursuant to an affirmatively established or *de facto* policy, procedure, or custom," the state can control the deprivation and, therefore, "the availability of an adequate state post-deprivation remedy is irrelevant and does not bar a §1983 claim." *Gillihan v. Shillinger*, 872 F.2d 935, 939-40 (10th Cir. 1989). In that instance, the state is in a position to provide an adequate pre-deprivation remedy. *See id*.

which relief can be granted.  In sum, the Court will grant Defendant's Motion to Dismiss or for Partial Summary Judgment and dismiss Counts 3 and 4 with prejudice.

### 7. *Defendant's Request for an Award of Attorney's Fees and Costs*

Defendant also contends that if he prevails on the Motion to Dismiss or for Partial Summary Judgment, the Court should award him attorney's fees and costs for bringing the Motion to Dismiss or for Partial Summary Judgment.  As the Court has previously indicated, Plaintiff's *pro se* and *informa pauperis* status weigh heavily against an award of attorney's fees and costs.  Hence, Defendant's request for an award of attorney's fees and costs will be denied.

### 8. *Plaintiff's Requests to Amend the Complaint or to File a New Lawsuit*

Finally, Plaintiff requests in his Response that if the Court dismisses his due process claims, he should be allowed to amend the Complaint.  Plaintiff also requests that the Court allow him to amend the Complaint to add the ride-along person, recently identified as Michael Johnson, as a defendant or that the Court allow him to file a separate §1983 lawsuit against the ride-along person.  The requests to amend the Complaint will be denied for three reasons.  First, the December 4, 2009 deadline for Plaintiff to amend the Complaint and to add parties has expired.  *See* Order Adopting Joint Status Report and Provisional Discovery Plan with Changes and Setting Case Management Deadlines (Doc. No. 46), filed Nov. 6, 2009.  Second, Plaintiff does not specify how an amended Complaint would cure the deficiencies of the due process claims.  Third, the Court has already denied Plaintiff's request to add the ride-along person as a defendant.  *See* Memorandum Opinion and Order (Doc. No. 51)(denying Plaintiff's Motion to Amend (Doc. No. 26)), filed Nov. 18, 2009.  Moreover, although the Federal Rules of Civil Procedure do not provide the Court with the authority to either deny or grant the Plaintiff's request to file a future lawsuit against the ride-along person, the Court notes that it is very likely

that the lawsuit would be subject to dismissal based on the Court's previous denial of Plaintiff's request to add the ride-along person as a defendant.

IT IS ORDERED that:

1. Defendant Yoki Maurx's Motion to Dismiss Counts 3 and 4 for Failure to State a Claim, or in the Alternative, Motion for Partial Summary Judgment on Counts 3 and 4 of Complaint (Doc. No. 86) is granted*;*

2. Counts 3 and 4 will be dismissed with prejudice;

3. Defendant's request for an award of attorney's fees and costs is denied;

4. Plaintiff's requests to amend the Complaint are denied; and

5. the Court declines to rule on Plaintiff's request to file a new lawsuit against the ride-along person.

_____
SENIOR UNITED STATES DISTRICT JUDGE